COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MOHAMMAD AHMED,

Plaintiff,

v.

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC., ELWOOD SHELTON, THE CITY OF
NEW YORK, RAJINDER SINGH and NOEL
OLIVO,

Defendants.
-------------------------------------------------------------X

08 CV 4804

Civil Action No. _____

NOTICE OF REMOVAL

RECEIVED
MAY 22 2008
U.S.D.C. S.D. N.Y.
CASHIERS

TO:     THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF NEW YORK

1.      Lincoln Center for the Performing Arts, Inc. ("LCPA") and Elrige Shelton, sued

incorrectly as "Elwood" Shelton, (collectively with LCPA, the "Lincoln Center Defendants") are

defendants in the civil action commenced by Plaintiff Mohammad Ahmed in New York State

Supreme Court, New York County, Index no. 105336/08.  Pursuant to 28 U.S.C. §§ 1441 and

1446, the Lincoln Center Defendants hereby remove this action to the United States District

Court for the Southern District of New York, which is the judicial district in which this action is

pending.

2.      Removal is proper because this Court would have had original jurisdiction of this

action pursuant to 28 U.S.C. § 1331, inasmuch as it is founded on a claim or right arising under

the Constitution, treaties or laws of the United States.  Specifically, in his Verified Complaint,

which is annexed with the Summons as Exhibit 1, the plaintiff alleges that he was "deprived of

his civil rights guaranteed under the Constitution of the United States, and Lincoln Center and

Shelton are therefore liable to plaintiff under 42 U.S.C. § 1983." (Verified Complaint, Exhibit 1, ¶ 37.)

3.     This Notice of Removal is timely because the Summons and Verified Complaint were first served on the Lincoln Center Defendants on April 23, 2008, and this Notice was filed within 30 days of such service. Annexed hereto as Exhibit 2 are the affidavits of service of process on the Lincoln Center Defendants.

4.     The only papers served to date in this action are the Notice of Filing of Notice of Removal, annexed hereto as Exhibit 3, and the Summons and the Verified Complaint.

5.     The remaining defendants in this action, The City of New York, Rajinder Singh and Noel Olivo (collectively, the "City Defendants"), consent to removal. Such consent was communicated to the undersigned attorneys for the Lincoln Center Defendants by Nancy

Goldbach of the New York City Department of Law, counsel to the City Defendants, on May 16,

2008.

Dated: New York, New York
      May 22, 2008

                    MOUND COTTON WOLLAN & GREENGRASS

                    By: _____
                        Kenneth M. Labbate (KL-1074)
                        Sanjit Shah (SS-0148)
                  One Battery Park Plaza
                  New York, New York 10004
                  Phone: (212) 804-4200
                  Fax:    (212) 344-8066
                  klabbate@moundcotton.com
                  sshah@moundcotton.com

                  Attorneys for Defendants
                  *Lincoln Center for the Performing Arts, Inc.,*
                  *and Elrige Shelton*

Of Counsel:

      Lesley Friedman Rosenthal (LR-5637)
      Vice President, General Counsel & Secretary
      Lincoln Center for the Performing Arts, Inc.
      70 Lincoln Center Plaza
      New York, NY 10023-6583
      Phone: (212) 875-5000
      Fax:    (212) 875-5122
      lrosenthal@lincolncenter.org

EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MOHAMMAD AHMED,

                              Plaintiff,

                    -against-

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC, ELWOOD SHELTON, THE CITY
OF NEW YORK, RAJINDER SINGH and
NOEL OLIVO,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff designates
New York County as the
place of trial

Basis of venue is
county of occurrence

SUMMONS

105336/2008

To the above named defendant(s):

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the plaintiff's attorney within 20 days after service of this summons (or within 30
days after the service is complete if this summons is not personally delivered to you within the State
of New York); and in case of your failure to appear or answer, judgment will be taken against you
by default for the relief demanded in the complaint.

Dated: New York, New York
        April 10, 2008

                                        SIVIN & MILLER, LLP

                                        By_____
                                            Edward Sivin, Esq.
                                            Attorneys for Plaintiff
                                            170 Broadway, Suite 600
                                            New York, NY  10038
                                            (212) 349-0300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MOHAMMAD AHMED,

              Plaintiff,

    -against-

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC., ELWOOD SHELTON, THE CITY
OF NEW YORK, RAJINDER SINGH and
NOEL OLIVO,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

                                             <u>VERIFIED COMPLAINT</u>

        Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants,

alleges as follows, upon information and belief:

THE PARTIES

        1.  That at all times herein mentioned, plaintiff was and is a United States

citizen and a resident of the County of Queens, City and State of New York.

        2.  That at all times herein mentioned, defendant Lincoln Center for the

Performing Arts, Inc. (hereinafter "Lincoln Center") was and is a domestic corporation,

organized and existing under the laws of the State of New York.

        3.  That at all times herein mentioned, Lincoln Center owned, operated,

managed, maintained, and controlled a performing arts center located at Lincoln Center

Plaza (hereinafter "the premises"), in the County of New York, City and State of New

York.

4. That at all times herein mentioned, defendant Elwood Shelton (hereinafter "Shelton") was and is an employee of Lincoln Center, and was acting within the course and scope of his employment with Lincoln Center.

5. That at all times herein mentioned, Shelton was clothed with the authority of state law.

6. That at all times herein mentioned, Lincoln Center, its agents, servants and/or employees, including Shelton, were under an obligation to operate, manage, maintain, and control the premises and activities thereat in a careful, safe, and lawful manner, such that no persons lawfully within and upon the premises would be caused to sustain personal injuries.

7. That at all times herein mentioned, Lincoln Center was under an obligation to use reasonable care in the hiring, training, and retention of its employees.

8. That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

9. That at all times herein mentioned, defendant Rajinder Singh (hereinafter "Singh") was and is an NYPD officer employed by the City.

10. That at all times herein mentioned, Singh was acting within the course and scope of his employment with the City.

11. That at all times herein mentioned, Singh was acting under color of state law.

12. That at all times herein mentioned, defendant Noel Olivo (hereinafter "Olivo") was and is an NYPD officer employed by the City.

13. That at all times herein mentioned, Olivo was acting within the course and scope of his employment with the City.

14. That at all times herein mentioned, Olivo was acting under color of state law.

15. That prior to the institution of this action, and within ninety days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented, and the City has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

FACTUAL BACKGROUND

16. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

17. That on August 18, 2007, plaintiff was lawfully at the premises.

18. That while plaintiff was lawfully at the premises, he was falsely accused by agents, servants and/or employees of Lincoln Center, including Shelton, of "scalping" or attempting to "scalp" tickets and/or of otherwise engaging in other prohibited or illegal conduct.

19. That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, failed to exercise reasonable care and failed to conduct a reasonable or careful inquiry or investigation prior to making the false accusations against plaintiff.

20. That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, then summoned the NYPD to the premises.

21. That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, wrongfully instigated, importuned, and encouraged members of the NYPD to arrest plaintiff.

22. That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, willfully participated in joint activity with the City, its agents, servants and/or employees, including Singh and Olivo.

23. That Singh and Olivo forcibly seized, detained, arrested and imprisoned plaintiff without justification, privilege or probable cause, and without adequately investigating the accusations that were made against plaintiff.

24. That the seizure, detention, arrest, and imprisonment of plaintiff were caused by the improper conduct of Lincoln Center, its agents, servants and/or employees, including Shelton.

25. That the seizure, detention, arrest, and imprisonment of plaintiff were caused by the improper conduct of the City, its agents, servants and/or employees, including Singh and Olivo.

26. That during the course of the seizure, detention, and arrest of plaintiff, the NYPD, its agents, servants and/or employees, including Singh and Olivo, used excessive, unreasonable, and unnecessary force against plaintiff, thereby causing physical injury to plaintiff.

27. That during the course of the seizure, detention, and arrest of plaintiff, Lincoln Center, its agents, servants and/or employees, including Shelton, used excessive,

unreasonable, and unnecessary force against plaintiff, thereby causing physical injury to plaintiff.

28.  That as a result of the aforementioned actions of defendants, plaintiff sustained severe personal injuries, endured and continues to endure pain and suffering and a loss of enjoyment of life, sustained and will continue to sustain economic loss, including healthcare expenses and lost earnings, and has otherwise been damaged.

29.  That all of the causes of action herein fall within one or more of the exceptions contained in CPLR Article 16 with respect to joint and several liability.

FIRST CAUSE OF ACTION AGAINST LINCOLN CENTER AND SHELTON

30.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

31.  That by virtue of the aforementioned acts by Lincoln Center and its agents, servants and/or employees, including Shelton, Lincoln Center and Shelton are liable to plaintiff for false arrest and false imprisonment.

SECOND CAUSE OF ACTION AGAINST LINCOLN CENTER AND SHELTON

32.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

33.  That by virtue of the aforementioned acts by Lincoln Center and its agents, servants and/or employees, including Shelton, Lincoln Center and Shelton are liable to plaintiff for assault and battery.

### THIRD CAUSE OF ACTION AGAINST LINCOLN CENTER AND SHELTON

34.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

35.  That by virtue of the aforementioned acts by Lincoln Center and its agents, servants and/or employees, including Shelton, Lincoln Center and Shelton are liable to plaintiff for negligence.

### FOURTH CAUSE OF ACTION AGAINST LINCOLN CENTER and SHELTON

36.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

37.  That by virtue of the aforementioned acts by Lincoln Center, its agents, servants and employees, including Shelton, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, and Lincoln Center and Shelton therefore are liable to plaintiff under 42 USC § 1983.

### FIFTH CAUSE OF ACTION AGAINST THE CITY, SINGH and OLIVO

38.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

39.  That by virtue of the aforementioned acts by the City and its agents, servants and/or employees, including Singh and Olivo, the City, Singh and Olivo are liable to plaintiff for false arrest and false imprisonment.

### SIXTH CAUSE OF ACTION AGAINST THE CITY, SINGH and OLIVO

40.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

41.  That by virtue of the aforementioned acts by the City and its agents, servants and/or employees, including Singh and Olivo, the City, Singh and Olivo are liable to plaintiff for assault and battery.

## SEVENTH CAUSE OF ACTION AGAINST SINGH and OLIVO

42.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

43.  That by virtue of the aforementioned acts by Singh and Olivo, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, and Singh and Olivo therefore are liable to plaintiff under 42 USC § 1983.

WHEREFORE, plaintiff demands judgment against defendants, and all of them, on all of the aforementioned causes of action, for compensatory damages and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts that otherwise would have jurisdiction over this action, and plaintiff also demands attorney's fees against Lincoln Center, Shelton, Singh and Olivo pursuant to 42 USC § 1988, and plaintiff also demands the costs and disbursements of this action.

Dated:  New York, New York
          April 10, 2008

Yours, etc.
SIVIN & MILLER, LLP

By_____
      Edward Sivin
Attorneys for plaintiff
170 Broadway
New York, NY  10038
(212) 349-0300

## VERIFICATION

EDWARD SIVIN, an attorney duly admitted to practice law in the State of New York, hereby affirms the following, under penalty of perjury:

That I am the attorney for the plaintiff(s) in the within action.

That I have read the foregoing complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be upon information and belief; and as to those matters I believe it to be true.

That the reason this verification is made by your affirmant and not by the plaintiff(s) is that plaintiff(s) does not reside in the County where your affirmant maintains his office.

That the grounds for your affirmant's belief as to all matters not stated upon my knowledge are as follows:  records, reports, facts and documents contained in plaintiff(s) file maintained by your affirmant's office.

Dated:  New York, New York
       April 10, 2008

EDWARD SIVIN

Index No.                    Year 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MOHAMMAD AHMED,

        Plaintiff,

    -against-

LINCOLN CENTER FOR THE PERFORMING ARTS, INC., et. al.,

    Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
170 Broadway
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462

Certification Pursuant to 22 NYCRR §130-1.1a

    Edward Sivin hereby certifies that, pursuant to 22 NYCRR § 130-1.1a, the foregoing papers are not frivolous nor frivolously presented.

                                       EDWARD SIVIN

Dated:  New York, New York
       April 10, 2008

EXHIBIT 2

|  |  |
|---|---|
| MOHAMMAD AHMED | The papers served bore the index # and date of filing. |
| Plaintiff(s) | Index # 105336/2008 |
| - against - |  |
| LINCOLN CENTER FOR THE PERFORMING ARTS, INC, ETAL | Purchased April 14, 2008 |
| Defendant(s) | **AFFIDAVIT OF SERVICE** |

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

MICHAEL HARRIS BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 23, 2008 at 03:50 PM at

LINCOLN CENTER
ATTN: LEGAL OFFICE
70 LINCOLN CENTER PLAZA
9TH FLOOR
NEW YORK, NY 10023

deponent served the within SUMMONS & VERIFIED COMPLAINT on ELWOOD SHELTON therein named,

**FILED**
**APR 29 2008**
**NEW YORK**
**COUNTY CLERKS OFFICE**

**SUITABLE AGE**   by delivering thereat a true copy of each to CECELIA GILCHRIEST a person of suitable age and discretion. Said premises is Defendant's actual place of business within the state. She identified herself as the CO-WORKER of the Defendant.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BROWN | 50 | 5'1 | 120 |

**MAILING**   Deponent enclosed a copy of same in a postpaid wrapper properly addressed to the Defendant at the Defendant's actual place of business at

LINCOLN CENTER
ATTN: LEGAL OFFICE
70 LINCOLN CENTER PLAZA
9TH FLOOR
NEW YORK, NY 10023

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on April 24, 2008 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

**MILITARY SERVICE**   Person spoken to was asked whether the Defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on:  April 24, 2008

| JOEL GRABER | JOSEPH KNIGHT | JONATHAN GRABER | **MICHAEL HARRIS** |
|---|---|---|---|
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York | License #: 1077447 |
| No. 02GR4699723 | No. 01KN6178241 | No. 01GR6156780 | |
| Qualified in New York County | Qualified In New York County | Qualified in New York County | Invoice #: 460658 |
| Expires February 10, 2010 | Expires November 26, 2011 | Expires December 4, 2010 | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

105336/2008

MOHAMMAD AHMED

Plaintiff(s)

- against -

LINCOLN CENTER FOR THE PERFORMING ARTS, INC, ETAL

Defendant(s)



AFFIDAVIT OF SERVICE

SIVIN & MILLER, ESQS.
170 BROADWAY
SUITE 600
NEW YORK, NY 10038
ATTORNEY FOR PLAINTIFF
(212) 349-0300

Attorney:  SIVIN & MILLER, ESQS.

MOHAMMAD AHMED

Plaintiff(s)

The papers served bore the index # and
date of filing.

Index # 105336/2008

- against -

Purchased April 14, 2008

LINCOLN CENTER FOR THE PERFORMING ARTS, INC, ETAL

Defendant(s)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 28, 2008 at 10:20 AM at

SECRETARY OF STATE
ALBANY, NY

deponent served the within SUMMONS & VERIFIED COMPLAINT on LINCOLN CENTER FOR THE PERFORMING ARTS, INC therein named,

**SECRETARY
OF STATE**      a Domestic corporation by delivering two true copies to CAROL VOGT, LEGAL CLERK personally, deponent knew said corporation so served to be the corporation described in said summons as said Defendant and knew said individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under SECTION 306 OF THE NOT FOR PROFIT CORPORATION LAW and tendering the required fee.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|------|------------|------------|---------------|------------------|-----------------|
| FEMALE | WHITE | BLACK | 45 | 5'4 | 140 |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on:  April 30, 2008

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Expires February 10, 2010

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified In New York County
Expires November 26, 2011

JONATHAN GRABER
Notary Public, State of New York
No. 01GR6156780
Qualified in New York County
Expires December 4, 2010

STEVEN C. AVERY

Invoice #: 460657

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY  10007 – (212) 619-0728

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

105336/2008

MOHAMMAD AHMED

Plaintiff(s)

- against -

LINCOLN CENTER FOR THE PERFORMING ARTS, INC, ETAL

Defendant(s)

AFFIDAVIT OF SERVICE

SIVIN & MILLER, ESQS.
170 BROADWAY
SUITE 600
NEW YORK, NY 10038
ATTORNEY FOR PLAINTIFF
(212) 349-0300

EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

MOHAMMAD AHMED,

                    Plaintiff,                          Index No. 105336/08

         v.                                             NOTICE OF FILING
                                                        OF NOTICE OF REMOVAL

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC., ELWOOD SHELTON, THE CITY OF
NEW YORK, RAJINDER SINGH and NOEL OLIVO,

                    Defendants.

------------------------------------------------------------X

PLEASE TAKE NOTICE that on the 22nd day of May, 2008, the annexed Notice of

Removal was filed, removing this action to the United States District Court for the Southern

District of New York.

Dated: New York, New York
       May 22, 2008

                         MOUND COTTON WOLLAN & GREENGRASS

                         By:    _____
                                Kenneth M. Labbate (KL-1074)
                                Sanjit Shah (SS-0148)
                         One Battery Park Plaza
                         New York, New York 10004
                         Phone: (212) 804-4200
                         Fax:    (212) 344-8066
                         klabbate@moundcotton.com
                         sshah@moundcotton.com
                         Attorneys for Defendants
                         *Lincoln Center for the Performing Arts, Inc.
                         and Elrige Shelton*

To:    Edward Sivin, Esq.
        Sivin & Miller, LLP
        170 Broadway
        New York, NY 10038
        *Attorneys for Plaintiff*
        *Mohammad Ahmed*


        New York City Department of Law
        100 Church Street
        New York, NY 10007
        *Attorneys for Defendants*
        *The City of New York, Rajinder Singh*
        *and Noel Olivo*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MOHAMMAD AHMED,

                         Plaintiff,                 Civil Action No. _____

       v.                                        NOTICE OF REMOVAL

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC., ELWOOD SHELTON, THE CITY OF
NEW YORK, RAJINDER SINGH and NOEL
OLIVO,

                         Defendants.
-------------------------------------------------------------X

**TO:   THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF NEW YORK**

      1.    Lincoln Center for the Performing Arts, Inc. ("LCPA") and Elrige Shelton, sued

incorrectly as "Elwood" Shelton, (collectively with LCPA, the "Lincoln Center Defendants") are

defendants in the civil action commenced by Plaintiff Mohammad Ahmed in New York State

Supreme Court, New York County, Index no. 105336/08.  Pursuant to 28 U.S.C. §§ 1441 and

1446, the Lincoln Center Defendants hereby remove this action to the United States District

Court for the Southern District of New York, which is the judicial district in which this action is

pending.

      2.    Removal is proper because this Court would have had original jurisdiction of this

action pursuant to 28 U.S.C. § 1331, inasmuch as it is founded on a claim or right arising under

the Constitution, treaties or laws of the United States.  Specifically, in his Verified Complaint,

which is annexed with the Summons as Exhibit 1, the plaintiff alleges that he was "deprived of

his civil rights guaranteed under the Constitution of the United States, and Lincoln Center and

Shelton are therefore liable to plaintiff under 42 U.S.C. § 1983." (Verified Complaint, Exhibit 1, ¶ 37.)

3.    This Notice of Removal is timely because the Summons and Verified Complaint were first served on the Lincoln Center Defendants on April 23, 2008, and this Notice was filed within 30 days of such service.  Annexed hereto as Exhibit 2 are the affidavits of service of process on the Lincoln Center Defendants.

4.    The only papers served to date in this action are the Notice of Filing of Notice of Removal, annexed hereto as Exhibit 3, and the Summons and the Verified Complaint.

5.    The remaining defendants in this action, The City of New York, Rajinder Singh and Noel Olivo (collectively, the "City Defendants"), consent to removal.  Such consent was communicated to the undersigned attorneys for the Lincoln Center Defendants by Nancy

Goldbach of the New York City Department of Law, counsel to the City Defendants, on May 16, 2008.

Dated: New York, New York
        May 22, 2008

                        MOUND COTTON WOLLAN & GREENGRASS

                        By: _____
                            Kenneth M. Labbate (KL-1074)
                            Sanjit Shah (SS-0148)
                        One Battery Park Plaza
                        New York, New York 10004
                        Phone: (212) 804-4200
                        Fax:    (212) 344-8066
                        klabbate@moundcotton.com
                        sshah@moundcotton.com

                        Attorneys for Defendants
                        *Lincoln Center for the Performing Arts, Inc.,*
                        *and Elrige Shelton*

Of Counsel:

        Lesley Friedman Rosenthal (LR-5637)
        Vice President, General Counsel & Secretary
        Lincoln Center for the Performing Arts, Inc.
        70 Lincoln Center Plaza
        New York, NY 10023-6583
        Phone: (212) 875-5000
        Fax:    (212) 875-5122
        lrosenthal@lincolncenter.org

3

EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MOHAMMAD AHMED,

      Plaintiff,

   -against-

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC, ELWOOD SHELTON, THE CITY
OF NEW YORK, RAJINDER SINGH and
NOEL OLIVO,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff designates
New York County as the
place of trial

Basis of venue is
county of occurrence

<u>SUMMONS</u>

105336/2008.

To the above named defendant(s):

  YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after service of this summons (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
   April 10, 2008

       SIVIN & MILLER, LLP

    By_____
      Edward Sivin, Esq.
      Attorneys for Plaintiff
      170 Broadway, Suite 600
      New York, NY  10038
      (212) 349-0300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MOHAMMAD AHMED,

               Plaintiff,                        __VERIFIED COMPLAINT__

       -against-

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC., ELWOOD SHELTON, THE CITY
OF NEW YORK, RAJINDER SINGH and
NOEL OLIVO,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants,

alleges as follows, upon information and belief:

### THE PARTIES

       1.  That at all times herein mentioned, plaintiff was and is a United States

citizen and a resident of the County of Queens, City and State of New York.

       2.  That at all times herein mentioned, defendant Lincoln Center for the

Performing Arts, Inc. (hereinafter "Lincoln Center") was and is a domestic corporation,

organized and existing under the laws of the State of New York.

       3.  That at all times herein mentioned, Lincoln Center owned, operated,

managed, maintained, and controlled a performing arts center located at Lincoln Center

Plaza (hereinafter "the premises"), in the County of New York, City and State of New

York.

4. That at all times herein mentioned, defendant Elwood Shelton (hereinafter "Shelton") was and is an employee of Lincoln Center, and was acting within the course and scope of his employment with Lincoln Center.

5. That at all times herein mentioned, Shelton was clothed with the authority of state law.

6. That at all times herein mentioned, Lincoln Center, its agents, servants and/or employees, including Shelton, were under an obligation to operate, manage, maintain, and control the premises and activities thereat in a careful, safe, and lawful manner, such that no persons lawfully within and upon the premises would be caused to sustain personal injuries.

7. That at all times herein mentioned, Lincoln Center was under an obligation to use reasonable care in the hiring, training, and retention of its employees.

8. That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

9. That at all times herein mentioned, defendant Rajinder Singh (hereinafter "Singh") was and is an NYPD officer employed by the City.

10. That at all times herein mentioned, Singh was acting within the course and scope of his employment with the City.

11. That at all times herein mentioned, Singh was acting under color of state law.

12. That at all times herein mentioned, defendant Noel Olivo (hereinafter "Olivo") was and is an NYPD officer employed by the City.

13. That at all times herein mentioned, Olivo was acting within the course and scope of his employment with the City.

14. That at all times herein mentioned, Olivo was acting under color of state law.

15. That prior to the institution of this action, and within ninety days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented, and the City has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

## FACTUAL BACKGROUND

16. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

17. That on August 18, 2007, plaintiff was lawfully at the premises.

18. That while plaintiff was lawfully at the premises, he was falsely accused by agents, servants and/or employees of Lincoln Center, including Shelton, of "scalping" or attempting to "scalp" tickets and/or of otherwise engaging in other prohibited or illegal conduct.

19. That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, failed to exercise reasonable care and failed to conduct a reasonable or careful inquiry or investigation prior to making the false accusations against plaintiff.

20.  That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, then summoned the NYPD to the premises.

21.  That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, wrongfully instigated, importuned, and encouraged members of the NYPD to arrest plaintiff.

22.  That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, willfully participated in joint activity with the City, its agents, servants and/or employees, including Singh and Olivo.

23.  That Singh and Olivo forcibly seized, detained, arrested and imprisoned plaintiff without justification, privilege or probable cause, and without adequately investigating the accusations that were made against plaintiff.

24.  That the seizure, detention, arrest, and imprisonment of plaintiff were caused by the improper conduct of Lincoln Center, its agents, servants and/or employees, including Shelton.

25.  That the seizure, detention, arrest, and imprisonment of plaintiff were caused by the improper conduct of the City, its agents, servants and/or employees, including Singh and Olivo.

26.  That during the course of the seizure, detention, and arrest of plaintiff, the NYPD, its agents, servants and/or employees, including Singh and Olivo, used excessive, unreasonable, and unnecessary force against plaintiff, thereby causing physical injury to plaintiff.

27.  That during the course of the seizure, detention, and arrest of plaintiff, Lincoln Center, its agents, servants and/or employees, including Shelton, used excessive,

unreasonable, and unnecessary force against plaintiff, thereby causing physical injury to plaintiff.

28.  That as a result of the aforementioned actions of defendants, plaintiff sustained severe personal injuries, endured and continues to endure pain and suffering and a loss of enjoyment of life, sustained and will continue to sustain economic loss, including healthcare expenses and lost earnings, and has otherwise been damaged.

29.  That all of the causes of action herein fall within one or more of the exceptions contained in CPLR Article 16 with respect to joint and several liability.

FIRST CAUSE OF ACTION AGAINST LINCOLN CENTER AND SHELTON

30.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

31.  That by virtue of the aforementioned acts by Lincoln Center and its agents, servants and/or employees, including Shelton, Lincoln Center and Shelton are liable to plaintiff for false arrest and false imprisonment.

SECOND CAUSE OF ACTION AGAINST LINCOLN CENTER AND SHELTON

32.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

33.  That by virtue of the aforementioned acts by Lincoln Center and its agents, servants and/or employees, including Shelton, Lincoln Center and Shelton are liable to plaintiff for assault and battery.

## THIRD CAUSE OF ACTION AGAINST LINCOLN CENTER AND SHELTON

34. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

35. That by virtue of the aforementioned acts by Lincoln Center and its agents, servants and/or employees, including Shelton, Lincoln Center and Shelton are liable to plaintiff for negligence.

## FOURTH CAUSE OF ACTION AGAINST LINCOLN CENTER and SHELTON

36. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

37. That by virtue of the aforementioned acts by Lincoln Center, its agents, servants and employees, including Shelton, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, and Lincoln Center and Shelton therefore are liable to plaintiff under 42 USC § 1983.

## FIFTH CAUSE OF ACTION AGAINST THE CITY, SINGH and OLIVO

38. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

39. That by virtue of the aforementioned acts by the City and its agents, servants and/or employees, including Singh and Olivo, the City, Singh and Olivo are liable to plaintiff for false arrest and false imprisonment.

## SIXTH CAUSE OF ACTION AGAINST THE CITY, SINGH and OLIVO

40. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

41. That by virtue of the aforementioned acts by the City and its agents, servants and/or employees, including Singh and Olivo, the City, Singh and Olivo are liable to plaintiff for assault and battery.

## SEVENTH CAUSE OF ACTION AGAINST SINGH and OLIVO

42. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

43. That by virtue of the aforementioned acts by Singh and Olivo, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, and Singh and Olivo therefore are liable to plaintiff under 42 USC § 1983.

WHEREFORE, plaintiff demands judgment against defendants, and all of them, on all of the aforementioned causes of action, for compensatory damages and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts that otherwise would have jurisdiction over this action, and plaintiff also demands attorney's fees against Lincoln Center, Shelton, Singh and Olivo pursuant to 42 USC § 1988, and plaintiff also demands the costs and disbursements of this action.

Dated:  New York, New York
        April 10, 2008

Yours, etc.
SIVIN & MILLER, LLP

By
        Edward Sivin
        Attorneys for plaintiff
        170 Broadway
        New York, NY  10038
        (212) 349-0300

## VERIFICATION

EDWARD SIVIN, an attorney duly admitted to practice law in the State of New York, hereby affirms the following, under penalty of perjury:

That I am the attorney for the plaintiff(s) in the within action.

That I have read the foregoing complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be upon information and belief; and as to those matters I believe it to be true.

That the reason this verification is made by your affirmant and not by the plaintiff(s) is that plaintiff(s) does not reside in the County where your affirmant maintains his office.

That the grounds for your affirmant's belief as to all matters not stated upon my knowledge are as follows:  records, reports, facts and documents contained in plaintiff(s) file maintained by your affirmant's office.

Dated:  New York, New York
       April 10, 2008

_____
EDWARD SIVIN

Index No.                    Year 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MOHAMMAD AHMED,

            Plaintiff,

      -against-

LINCOLN CENTER FOR THE PERFORMING ARTS, INC., et. al.,

      Defendants.

## SUMMONS AND VERIFIED COMPLAINT

### SIVIN & MILLER, LLP
Attorneys for Plaintiff
170 Broadway
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462

Certification Pursuant to 22 NYCRR §130-1.1a

            Edward Sivin hereby certifies that, pursuant to 22 NYCRR § 130-1.1a, the foregoing papers are not
frivolous nor frivolously presented.

                                                    EDWARD SIVIN

Dated: New York, New York
       April 10, 2008

EXHIBIT 2

MOHAMMAD AHMED

Plaintiff(s)

- against -

LINCOLN CENTER FOR THE PERFORMING ARTS, INC, ETAL

Defendant(s)

The papers served bore the index # and date of filing.

Index # 105336/2008

Purchased April 14, 2008

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

MICHAEL HARRIS BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 23, 2008 at 03:50 PM at

LINCOLN CENTER
ATTN: LEGAL OFFICE
70 LINCOLN CENTER PLAZA
9TH FLOOR
NEW YORK, NY 10023

**FILED**
APR 29 2008
NEW YORK
COUNTY CLERKS OFFICE

deponent served the within SUMMONS & VERIFIED COMPLAINT on ELWOOD SHELTON therein named,

**SUITABLE AGE**

by delivering thereat a true copy of each to CECELIA GILCHRIEST a person of suitable age and discretion said premises is Defendant's actual place of business within the state. She identified herself as the CO-WORKER of the Defendant.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BROWN | 50 | 5'1 | 120 |

**MAILING**

Deponent enclosed a copy of same in a postpaid wrapper properly addressed to the Defendant at the Defendant's actual place of business at

LINCOLN CENTER
ATTN: LEGAL OFFICE
70 LINCOLN CENTER PLAZA
9TH FLOOR
NEW YORK, NY 10023

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on April 24, 2008 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

**MILITARY SERVICE**

Person spoken to was asked whether the Defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on:  April 24, 2008

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Expires February 10, 2010

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified In New York County
Expires November 26, 2011

JONATHAN GRABER
Notary Public, State of New York
No. 01GR6156780
Qualified in New York County
Expires December 4, 2010

**MICHAEL HARRIS**
License #: 1077447
Invoice #: 460658

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY  10007 - (212) 619-0728

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MOHAMMAD AHMED

Plaintiff(s)

- against -

LINCOLN CENTER FOR THE PERFORMING ARTS, INC, ETAL

Defendant(s)

AFFIDAVIT OF SERVICE

SIVIN & MILLER, ESQS.
170 BROADWAY
SUITE 600
NEW YORK, NY 10038
ATTORNEY FOR PLAINTIFF
(212) 349-0300

FILED
APR 29 2008
NEW YORK
COUNTY CLERK'S OFFICE

MOHAMMAD AHMED

Plaintiff(s)

- against -

LINCOLN CENTER FOR THE PERFORMING ARTS, INC, ETAL

Defendant(s)

The papers served bore the index # and date of filing.

Index # 105336/2008

Purchased April 14, 2008

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C. AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 28, 2008 at 10:20 AM at

SECRETARY OF STATE
ALBANY, NY

deponent served the within SUMMONS & VERIFIED COMPLAINT on LINCOLN CENTER FOR THE PERFORMING ARTS INC. therein named,

**SECRETARY OF STATE**   a Domestic corporation by delivering two true copies to CAROL VOGT, LEGAL CLERK personally, deponent knew said corporation so served to be the corporation described in said summons as said Defendant and knew said individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under SECTION 306 OF THE NOT FOR PROFIT CORPORATION LAW and tendering the required fee.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BLACK | 45 | 5'4 | 140 |

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the Defendant in this action.

Sworn to me on:  April 30, 2008

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Expires February 10, 2010

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified In New York County
Expires November 26, 2011

JONATHAN GRABER
Notary Public, State of New York
No. 01GR6156780
Qualified in New York County
Expires December 4, 2010

**STEVEN C. AVERY**

Invoice #: 460657

UNITED PROCESS SERVICE, INC., 3RD FLOOR, 315 BROADWAY, NEW YORK, NY 10007 - (212) 619-0728

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MOHAMMAD AHMED

Plaintiff(s)

- against -

LINCOLN CENTER FOR THE PERFORMING ARTS, INC, ETAL

Defendant(s)

AFFIDAVIT OF SERVICE

SIVIN & MILLER, ESQS.
170 BROADWAY
SUITE 600
NEW YORK, NY 10038
ATTORNEY FOR PLAINTIFF
(212) 349-0300

EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X

MOHAMMAD AHMED,

               Plaintiff,

      v.

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC., ELWOOD SHELTON, THE CITY OF
NEW YORK, RAJINDER SINGH and NOEL OLIVO,

               Defendants.
--------------------------------------------------------------X

Index No. 105336/08

NOTICE OF FILING
OF NOTICE OF REMOVAL

     PLEASE TAKE NOTICE that on the 22nd day of May, 2008, the annexed Notice of

Removal was filed, removing this action to the United States District Court for the Southern

District of New York.

Dated: New York, New York
       May 22, 2008

               MOUND COTTON WOLLAN & GREENGRASS

     By: _____
             Kenneth M. Labbate (KL-1074)
             Sanjit Shah (SS-0148)
     One Battery Park Plaza
     New York, New York 10004
     Phone: (212) 804-4200
     Fax:   (212) 344-8066
     klabbate@moundcotton.com
     sshah@moundcotton.com
     Attorneys for Defendants
     *Lincoln Center for the Performing Arts, Inc.*
     *and Elrige Shelton*

To:    Edward Sivin, Esq.
        Sivin & Miller, LLP
        170 Broadway
        New York, NY 10038
        *Attorneys for Plaintiff*
        *Mohammad Ahmed*

        New York City Department of Law
        100 Church Street
        New York, NY 10007
        *Attorneys for Defendants*
        *The City of New York, Rajinder Singh*
        *and Noel Olivo*

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                        )ss.:
COUNTY OF NEW YORK  )

IRENE SIEGEL, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Queens,

New York.

That on the 22nd of May, 2008 deponent served the annexed **NOTICE OF REMOVAL**

upon:

Edward Sivin, Esq.
Sivin & Miller, LLP
170 Broadway
New York, NY 10038
Attorneys for Plaintiff

New York City Department of Law
100 Church Street
New York, NY 10007
Attorneys for Defendants
  The City of New York, Rajinder Singh
      and Noel Olivo

at the address designated by said attorney(s), by depositing the same enclosed in a postpaid

properly addressed wrapper and directed to the above address in an official depository under the

exclusive care and custody of the United States Postal Service within the State of New York

IRENE SIEGEL

Sworn to before me this
22nd day of May, 2008

_____
Notary Public

KEVIN J. BRASSIL
Notary Public, State of New York
No. 31-5018311
Qualified in New York County
Certificate Filed in New York County
Commission Expires Sept. 27, 20__