UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOHAMMAD AHMED,

                Plaintiff,         Civil Action No. 08-4804 (GBD) (DF)

    v.

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC., ELWOOD SHELTON, THE CITY OF
NEW YORK, RAJINDER SINGH and NOEL
OLIVO,

                Defendants.
------------------------------------------------------------X

## DECLARATION OF KENNETH M. LABBATE

I, Kenneth M. Labbate, declare:

1. I am a member of the law firm of Mound Cotton Wollan & Greengrass, attorneys for Defendants Lincoln Center for the Performing Arts, Inc. and Elrige Shelton, sued incorrectly as "Elwood" Shelton (collectively, the "Lincoln Center Defendants"), in the above-captioned action. As such, I am fully familiar with the facts and circumstances of this action, and am competent to make this declaration. I respectfully submit this declaration in support of the Lincoln Center Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing Plaintiff Mohammad Ahmed's Verified Complaint against them.

2. Annexed hereto as Exhibit 1 is a true and correct copy of Plaintiff's Verified Complaint.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30, 2008.

                                                                          s/Kenneth M. Labbate  
                                                                          Kenneth M. Labbate (KL-1074)

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
MOHAMMAD AHMED,

              Plaintiff,

              -against-

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC., ELWOOD SHELTON, THE CITY
OF NEW YORK, RAJINDER SINGH and
NOEL OLIVO,

              Defendants.
------------------------------------X

**VERIFIED COMPLAINT**

       Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES

       1. That at all times herein mentioned, plaintiff was and is a United States citizen and a resident of the County of Queens, City and State of New York.

       2. That at all times herein mentioned, defendant Lincoln Center for the Performing Arts, Inc. (hereinafter "Lincoln Center") was and is a domestic corporation, organized and existing under the laws of the State of New York.

       3. That at all times herein mentioned, Lincoln Center owned, operated, managed, maintained, and controlled a performing arts center located at Lincoln Center Plaza (hereinafter "the premises"), in the County of New York, City and State of New York.

4. That at all times herein mentioned, defendant Elwood Shelton (hereinafter "Shelton") was and is an employee of Lincoln Center, and was acting within the course and scope of his employment with Lincoln Center.

5. That at all times herein mentioned, Shelton was clothed with the authority of state law.

6. That at all times herein mentioned, Lincoln Center, its agents, servants and/or employees, including Shelton, were under an obligation to operate, manage, maintain, and control the premises and activities thereat in a careful, safe, and lawful manner, such that no persons lawfully within and upon the premises would be caused to sustain personal injuries.

7. That at all times herein mentioned, Lincoln Center was under an obligation to use reasonable care in the hiring, training, and retention of its employees.

8. That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

9. That at all times herein mentioned, defendant Rajinder Singh (hereinafter "Singh") was and is an NYPD officer employed by the City.

10. That at all times herein mentioned, Singh was acting within the course and scope of his employment with the City.

11. That at all times herein mentioned, Singh was acting under color of state law.

12. That at all times herein mentioned, defendant Noel Olivo (hereinafter "Olivo") was and is an NYPD officer employed by the City.

13. That at all times herein mentioned, Olivo was acting within the course and scope of his employment with the City.

14. That at all times herein mentioned, Olivo was acting under color of state law.

15. That prior to the institution of this action, and within ninety days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented, and the City has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

## FACTUAL BACKGROUND

16. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

17. That on August 18, 2007, plaintiff was lawfully at the premises.

18. That while plaintiff was lawfully at the premises, he was falsely accused by agents, servants and/or employees of Lincoln Center, including Shelton, of "scalping" or attempting to "scalp" tickets and/or of otherwise engaging in other prohibited or illegal conduct.

19. That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, failed to exercise reasonable care and failed to conduct a reasonable or careful inquiry or investigation prior to making the false accusations against plaintiff.

20. That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, then summoned the NYPD to the premises.

21. That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, wrongfully instigated, importuned, and encouraged members of the NYPD to arrest plaintiff.

22. That Lincoln Center, by and through its agents, servants and/or employees, including Shelton, willfully participated in joint activity with the City, its agents, servants and/or employees, including Singh and Olivo.

23. That Singh and Olivo forcibly seized, detained, arrested and imprisoned plaintiff without justification, privilege or probable cause, and without adequately investigating the accusations that were made against plaintiff.

24. That the seizure, detention, arrest, and imprisonment of plaintiff were caused by the improper conduct of Lincoln Center, its agents, servants and/or employees, including Shelton.

25. That the seizure, detention, arrest, and imprisonment of plaintiff were caused by the improper conduct of the City, its agents, servants and/or employees, including Singh and Olivo.

26. That during the course of the seizure, detention, and arrest of plaintiff, the NYPD, its agents, servants and/or employees, including Singh and Olivo, used excessive, unreasonable, and unnecessary force against plaintiff, thereby causing physical injury to plaintiff.

27. That during the course of the seizure, detention, and arrest of plaintiff, Lincoln Center, its agents, servants and/or employees, including Shelton, used excessive,

unreasonable, and unnecessary force against plaintiff, thereby causing physical injury to plaintiff.

28. That as a result of the aforementioned actions of defendants, plaintiff sustained severe personal injuries, endured and continues to endure pain and suffering and a loss of enjoyment of life, sustained and will continue to sustain economic loss, including healthcare expenses and lost earnings, and has otherwise been damaged.

29. That all of the causes of action herein fall within one or more of the exceptions contained in CPLR Article 16 with respect to joint and several liability.

FIRST CAUSE OF ACTION AGAINST LINCOLN CENTER AND SHELTON

30. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

31. That by virtue of the aforementioned acts by Lincoln Center and its agents, servants and/or employees, including Shelton, Lincoln Center and Shelton are liable to plaintiff for false arrest and false imprisonment.

SECOND CAUSE OF ACTION AGAINST LINCOLN CENTER AND SHELTON

32. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

33. That by virtue of the aforementioned acts by Lincoln Center and its agents, servants and/or employees, including Shelton, Lincoln Center and Shelton are liable to plaintiff for assault and battery.

### THIRD CAUSE OF ACTION AGAINST LINCOLN CENTER AND SHELTON

34. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

35. That by virtue of the aforementioned acts by Lincoln Center and its agents, servants and/or employees, including Shelton, Lincoln Center and Shelton are liable to plaintiff for negligence.

### FOURTH CAUSE OF ACTION AGAINST LINCOLN CENTER and SHELTON

36. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

37. That by virtue of the aforementioned acts by Lincoln Center, its agents, servants and employees, including Shelton, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, and Lincoln Center and Shelton therefore are liable to plaintiff under 42 USC § 1983.

### FIFTH CAUSE OF ACTION AGAINST THE CITY, SINGH and OLIVO

38. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

39. That by virtue of the aforementioned acts by the City and its agents, servants and/or employees, including Singh and Olivo, the City, Singh and Olivo are liable to plaintiff for false arrest and false imprisonment.

### SIXTH CAUSE OF ACTION AGAINST THE CITY, SINGH and OLIVO

40. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

41. That by virtue of the aforementioned acts by the City and its agents, servants and/or employees, including Singh and Olivo, the City, Singh and Olivo are liable to plaintiff for assault and battery.

### SEVENTH CAUSE OF ACTION AGAINST SINGH and OLIVO

42. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

43. That by virtue of the aforementioned acts by Singh and Olivo, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, and Singh and Olivo therefore are liable to plaintiff under 42 USC § 1983.

WHEREFORE, plaintiff demands judgment against defendants, and all of them, on all of the aforementioned causes of action, for compensatory damages and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts that otherwise would have jurisdiction over this action, and plaintiff also demands attorney's fees against Lincoln Center, Shelton, Singh and Olivo pursuant to 42 USC § 1988, and plaintiff also demands the costs and disbursements of this action.

Dated: New York, New York
April 10, 2008

Yours, etc.
SIVIN & MILLER, LLP

By_____
Edward Sivin
Attorneys for plaintiff
170 Broadway
New York, NY 10038
(212) 349-0300

## VERIFICATION

EDWARD SIVIN, an attorney duly admitted to practice law in the State of New York, hereby affirms the following, under penalty of perjury:

That I am the attorney for the plaintiff(s) in the within action.

That I have read the foregoing complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be upon information and belief; and as to those matters I believe it to be true.

That the reason this verification is made by your affirmant and not by the plaintiff(s) is that plaintiff(s) does not reside in the County where your affirmant maintains his office.

That the grounds for your affirmant's belief as to all matters not stated upon my knowledge are as follows: records, reports, facts and documents contained in plaintiff(s) file maintained by your affirmant's office.

Dated: New York, New York
       April 10, 2008

_____
EDWARD SIVIN

20080430072

20080430147

Index No.                    Year 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MOHAMMAD AHMED,

    Plaintiff,

-against-

LINCOLN CENTER FOR THE PERFORMING ARTS, INC., et. al.,

    Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
170 Broadway
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462

Certification Pursuant to 22 NYCRR §130-1.1a

    Edward Sivin hereby certifies that, pursuant to 22 NYCRR § 130-1.1a, the foregoing papers are not frivolous nor frivolously presented.

                                                                                    EDWARD SIVIN

Dated: New York, New York
       April 10, 2008

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NEW YORK  )

IRENE SIEGEL, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Queens, New York.

That on the 30th of May, 2008 deponent served the annexed **NOTICE OF MOTION AND DECLARATION OF KENNETH M. LABBATE** upon:

Edward Sivin, Esq.
Sivin & Miller, LLP
170 Broadway
New York, NY 10038
Attorneys for Plaintiff

Mary O'Flynn, Esq.
New York City Department of Law
100 Church Street
New York, NY 10007
Attorneys for Defendants
 The City of New York, Rajinder Singh
       and Noel Olivo

at the address designated by said attorney(s), by depositing the same enclosed in a postpaid properly addressed wrapper and directed to the above address in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York

_____
IRENE SIEGEL

Sworn to before me this
30th day of May, 2008

_____
Notary Public
KEVIN J. BRASSIL
Notary Public, State of New York
No. 31-5018311
Qualified in New York County
Certificate Filed in New York County
Commission Expires Sept. 27, 20__