UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOHAMMAD AHMED,

                    Plaintiff,           Civil Action No. 08-4804 (GBD) (DF)

    v.

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC., ELWOOD SHELTON, THE CITY OF
NEW YORK, RAJINDER SINGH and NOEL
OLIVO,

                    Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW OF DEFENDANTS LINCOLN CENTER FOR THE PERFORMING ARTS, INC. AND ELRIGE SHELTON IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

                                  Kenneth M. Labbate (KL-1074)
                                  Sanjit Shah (SS-0148)
                                  MOUND COTTON WOLLAN & GREENGRASS
                                  One Battery Park Plaza
                                  New York, New York 10004
                                  Phone: (212) 804-4200
                                  Fax:   (212) 344-8066
                                  klabbate@moundcotton.com
                                  sshah@moundcotton.com

                                  Of Counsel:
                                  Lesley Friedman Rosenthal (LR-5637)
                                  Vice President, General Counsel & Secretary
                                  Lincoln Center for the Performing Arts, Inc.
                                  70 Lincoln Center Plaza
                                  New York, NY 10023-6583
                                  lrosenthal@lincolncenter.org

Attorneys for Defendants
*Lincoln Center for the Performing Arts, Inc.
and Elrige Shelton*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELMINARY STATEMENT ................................................................................................ 1

FACTS ...................................................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

      STANDARD FOR A MOTION TO DISMISS
      PURSUANT TO FED. R. CIV. P. 12(b)(6) ................................................................ 3

    POINT I

        A PRIVATE PERFORMING ARTS VENUE
        SEEKING POLICE HELP IN DEALING WITH
        A TICKET SCALPER DOES NOT GIVE RISE
        TO A SECTION 1983 CLAIM AGAINST THE VENUE .................................... 4

        A.    The Lincoln Center Defendants
              Did Not Touch Ahmed ............................................................................ 4

        B.    Summoning The Police Is Not "State Action" ....................................... 4

        C.    Ahmed Does Not Allege A Violation
              Of A Constitutionally Protected Right..................................................... 6

        D.    Ahmed Fails To Allege That
              A Municipal Policy Or Custom
              Resulted In A Constitutional Deprivation................................................. 8

    POINT II

        AHMED DOES NOT ADEQUATELY PLEAD ANY
        TORTIOUS CONDUCT BY THE LINCOLN CENTER
        DEFENDANTS, AND HIS STATE LAW CAUSES OF ACTION
        SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM .................... 8

        A.    Ahmed Fails To State A Cause Of Action
              For False Arrest And False Imprisonment
              (First Cause Of Action) ............................................................................ 9

        B.    Ahmed Fails To State A Cause Of Action
              For Assault And Battery (Second Cause Of Action) ............................. 10

      C.      Ahmed Fails To State A Cause Of
Action For Negligence (Third Cause of Action) ...........................................12

CONCLUSION ...........................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

Adickes v. S.H. Kress & Co.,
398 U.S. 144, 90 S. Ct. 1598 (1970) ..................................................................................5

Aquinas v. Federal Express Corp.,
940 F. Supp. 73 (S.D.N.Y. 1996) ......................................................................................8

Arlotta v. Bradley Ctr.,
349 F.3d 517 (7th Cir. 2003) .........................................................................................4, 8

Barnett v. Anaconda,
238 F. Supp. 766 (S.D.N.Y. 1965) ..................................................................................12

Charkhy v. Altman,
252 A.D.2d 413, 678 N.Y.S.2d 40 (1st Dep't 1998) .......................................................11

Chodkowski v. City of New York,
No. 06 CV 7120, 2007 WL 2717872 (S.D.N.Y. Sept. 11, 2007) ...............................6, 10

Colon v. Wal-Mart Stores, Inc.,
182 Misc.2d 921, 703 N.Y.S.2d 863 (N.Y. Sup. Ct. 1999),
aff'd, 268 A.D.2d 857, 700 N.Y.S.2d 866 (3d Dep't 2000) ............................................10

DeJesus v. Sears, Roebuck & Co., Inc.,
87 F.3d 65 (2d Cir. 1996) ..................................................................................................3

Du Chateau v. Metro-North Commuter R.R. Co.,
253 A.D.2d 128, 688 N.Y.S.2d 12 (1st Dep't 1999) .........................................................9

Flagg v. Yonkers Sav. & Loan Ass'n, FA,
396 F.3d 178 (2d Cir. 2005) ..............................................................................................5

Ginsberg v. Healey Car & Truck Leasing, Inc.,
189 F.3d 268 (2d Cir. 1999) ..............................................................................................4

Grant v. Barnes & Noble, Inc.,
284 A.D.2d 238, 726 N.Y.S.2d 543 (1st Dep't 2001) .......................................................9

Harris v. City of New York,
186 F.3d 243 (2d Cir. 1999) ..............................................................................................3

Izzo v. City of Syracuse,
No. 98-CV-0778, 2000 WL 1222014 (N.D.N.Y. Aug. 3, 2000) .....................................11

Johns v. Home Depot U.S.A., Inc.,
221 F.R.D. 400 (S.D.N.Y. 2004) ............................................................................................6

Lansing v. City of Memphis,
202 F.3d 821 (6th Cir. 2000) .............................................................................................4, 5

Loce v. Time Warner Entm't Advance/Newhouse P'ship,
191 F.3d 256 (2d Cir. 1999)...................................................................................................5

McDermott v. City of New York,
No. 00 Civ. 8311, 2002 WL 265127 (S.D.N.Y. Feb. 25, 2002) ............................................6

Miller v. Carpinello,
No. 06 CV 12940, 2007 WL 4207282 (S.D.N.Y. Nov. 20, 2007) .........................................7

Perez v. Charter One FSB,
298 A.D.2d 447, 748 N.Y.S.2d 392 (2d Dep't 2002) ............................................................9

Silver v. Kuehbeck,
No. 05 Civ. 35 (RPP), 2005 WL 2990642 (S.D.N.Y. Nov. 7, 2005),
aff'd, 217 Fed. Appx. 18 (2d Cir. 2007) ...............................................................................12

Smalls v. Board of Educ.,
114 Misc. 2d 109, 450 N.Y.S.2d 987 (N.Y. City Civ. Ct. 1982).........................................9

Smith v. Local 819 I.B.T. Pension Plan,
291 F.3d 236 (2d Cir. 2002)...................................................................................................3

Soto v. City of New York,
No. 04 Civ. 4559, 2005 WL 66893 (S.D.N.Y. Jan. 11, 2005).............................6, 7n.2, 8

State Farm Ins. Co. v. Central Parking Sys., Inc.,
18 A.D.3d 859, 796 N.Y.S.2d 665 (2d Dep't 2005) ............................................................12

United States v. Int'l Bhd. of Teamsters,
941 F.2d 1292 (2d Cir. 1991) ................................................................................................5

Zgraggen v. Wilsey,
200 A.D.2d 818, 606 N.Y.S.2d 444 (3d Dep't 1994) .........................................................11

**Statutes and Rules**

28 U.S.C. § 1367..........................................................................................................................8

42 U.S.C. § 1983.....................................................................................................1, 4, 5, 6, 7, 8

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 3, 10, 13

**MEMORANDUM OF LAW OF DEFENDANTS LINCOLN CENTER
FOR THE PERFORMING ARTS, INC. AND ELRIGE SHELTON IN
SUPPORT OF THEIR MOTION TO DISMISS THE VERIFIED COMPLAINT
PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants Lincoln Center for the Performing Arts, Inc. ("LCPA") and Elrige Shelton, sued incorrectly as "Elwood" Shelton (collectively with LCPA, the "Lincoln Center Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's Verified Complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**PRELMINARY STATEMENT**

Plaintiff Mohammad Ahmed seeks to make a constitutional case against Lincoln Center for the Performing Arts, a privately owned performing arts center, based on its security guard's request for assistance from available police officers to help deal with Plaintiff, an illegal ticket scalper. Since the act of a private party summoning the police for help does not make the private party a state actor, Ahmed's allegations cannot give rise to a claim under Section 1983.

The cause of action under 42 U.S.C. § 1983 is also defective because he does not identify any particular constitutional right that was allegedly violated. Nor does Plaintiff allege that the purported constitutional deprivation was caused by an official custom or policy of Defendant The City of New York (the "City"). Finally, Ahmed's state law claims are defective, as they are couched in unacceptably vague and conclusory terms.

Accordingly, the Court should grant the Lincoln Center Defendants' motion, and dismiss the Complaint as against them.

1

## FACTS

On August 18, 2007, Elrige Shelton, a private employee of LCPA, a private entity, saw Ahmed illegally "scalping" tickets at the Lincoln Center complex, and called the police for help. (See Complaint ¶¶ 4, 18.) When New York City police officers Rajinder Singh and Noel Olivo (collectively with the City, the "City Defendants") arrived, Shelton told them what he had seen, and they arrested Ahmed. (Id. ¶¶ 20, 21, 23.)

Ahmed endeavors to turn this routine call for police help by a private actor into a constitutional matter. He does not allege that any Lincoln Center employee touched him. He does not allege that the Lincoln Center Defendants participated in the arrest. Merely because the Lincoln Center Defendants originated a call for the police to help, Plaintiff asserts that Lincoln Center participated in "joint activity" with the City. (Id. ¶ 22.) In boilerplate allegations, he asserts that the police "used excessive, unreasonable, and unnecessary force against plaintiff," causing him to sustain "physical injury" (id. ¶ 26), and then repeats the boilerplate against the Lincoln Center Defendants (id. ¶ 27), again without any factual allegation that the Lincoln Center Defendants participated in the arrest in any manner.

Lumping together the alleged action of the Lincoln Center Defendants in requesting police assistance and the alleged actions of the responding police officers, Ahmed then purports to have sustained, at the hands of all Defendants, "severe personal injuries, endured and continues to endure pain and suffering and a loss of enjoyment of life, sustained and will continue to sustain economic loss, including healthcare expenses and lost earnings, and has otherwise been damaged." (Id. ¶ 28.)[1]

---

[1] The Complaint is bereft of any description of Ahmed's purported injuries, or an explanation of how his injuries caused him to lose enjoyment of life. Moreover, Ahmed fails to allege the amount or nature of the healthcare expenses he incurred, and does not explain how his "physical injury" caused him to sustain "lost earnings." Ahmed also fails to allege how he has "otherwise been damaged."

Ahmed's causes of action fail against the Lincoln Center Defendants as a matter of law. Even taking the allegations as true, the act of requesting assistance from police officers as alleged here does not constitute a cognizable cause of action for any of the claims asserted. The Complaint should be dismissed against the Lincoln Center Defendants.

## ARGUMENT

### STANDARD FOR A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate where, as here, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). A "'complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).'" DeJesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996) (quoting Palda v. General Dynamics Corp., 47 F.3d 872, 875 (7th Cir. 1995)); see also Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("However, '[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'") (quoting Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)).

With respect to the Lincoln Center Defendants, Ahmed asserts nothing more than conclusory allegations or legal conclusions unsupported by the requisite factual allegations. Because Ahmed can prove no set of facts in support of his claim that would entitle him to relief, the Complaint against the Lincoln Center Defendants should be dismissed.

## POINT I

## A PRIVATE PERFORMING ARTS VENUE SEEKING POLICE HELP IN DEALING WITH A TICKET SCALPER DOES NOT GIVE RISE TO A SECTION 1983 CLAIM AGAINST THE VENUE

A.   <u>The Lincoln Center Defendants Did Not Touch Ahmed</u>

It is inherently implausible that Lincoln Center and Shelton caused "physical injury" to Ahmed by using "excessive" force when the Complaint fails to allege that the Lincoln Center Defendants touched him at all.

B.   <u>Summoning The Police Is Not "State Action"</u>

Lacking a basis to allege that the Lincoln Center Defendants caused him physical harm by touching him, Ahmed must revert to the conclusory allegation that LCPA "willfully participated in joint activity" with the City, in order to extend his allegations of excessive force from the City Defendants to the Lincoln Center Defendants. (Complaint ¶ 22.) However, the claim of "joint activity" is based on nothing more than the allegation that Shelton requested police assistance when confronted with a ticket scalper. (See Complaint ¶¶ 18, 20-22.)

It is well-settled that a private party does not become a state actor by merely calling the police. <u>Arlotta v. Bradley Ctr.</u>, 349 F.3d 517, 524 (7th Cir. 2003) ("The Bradley Center, by seeking police help in dealing with ticket scalpers, did not engage in any joint action with the [Milwaukee Police Department] to enforce the city's ordinance."); <u>Lansing v. City of Memphis</u>, 202 F.3d 821, 833 (6th Cir. 2000) ("A mere request for assistance from an available police officer cannot be sufficient to form a nexus between the state and the private action."); <u>Ginsberg v. Healey Car & Truck Leasing, Inc.</u>, 189 F.3d 268, 272 (2d Cir. 1999) ("But Healey's provision of background information to a police officer does not by itself make Healey a joint participant in state action under Section 1983.").

The United States Constitution regulates only the government, and not private parties such as the Lincoln Center Defendants. United States v. Int'l Bhd. of Teamsters, 941 F.2d 1292, 1295 (2d Cir. 1991). A private party may be held liable for a constitutional violation if it engaged in conduct that may be fairly attributable to the state, i.e., "state action." See Flagg v. Yonkers Sav. & Loan Ass'n, FA, 396 F.3d 178, 187 (2d Cir. 2005). A showing of state action is also necessary when a party seeks to recover under 42 U.S.C. § 1983 for a purported constitutional violation. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604 (1970) (holding that 42 U.S.C. § 1983 "requires that the plaintiff show that the defendant acted 'under color of law.'").

State action may be found where a private party "operates as a willful participant in joint activity with the State or its agents[.]" Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 313 (2d Cir. 2003). Under a joint activity analysis, the "'action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.'" Lansing, 202 F.3d at 830 (quoting Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992)); see also Loce v. Time Warner Entm't Advance/Newhouse P'ship, 191 F.3d 256, 266 (2d Cir. 1999) (holding that state action may be shown "where a private actor has operated as a 'willful participant in joint activity with the State or its agents.'") (quoting Lugar v. Edmonson Oil Co., 457 U.S. 922, 941, 102 S. Ct. 2744, 2756 (1982)). Here, there are no specific factual allegations that would support a finding of joint activity between the City Defendants and the Lincoln Center Defendants.

Moreover, the Lincoln Center Defendants could not be considered state actors under the facts alleged even if Shelton had lied to Officers Singh and Olivo about Ahmed's activities, or

5

otherwise provided with them false information <u>Chodkowski v. City of New York</u>, No. 06 CV 7120, 2007 WL 2717872, at *9 (S.D.N.Y. Sept. 11, 2007) ("However, providing false information to the police does not make a private individual . . . a state actor and liable under § 1983."); <u>Johns v. Home Depot U.S.A., Inc.</u>, 221 F.R.D. 400, 405 (S.D.N.Y. 2004) ("Assuming, arguendo, that Williams's call caused plaintiff's detainment by the New Rochelle police officers, this conduct would similarly fall short of § 1983's state action requirement. Moreover, even assuming Williams had supplied the police with false information, plaintiff would still fail to state a claim."). Ahmed's Section 1983 claim should therefore be dismissed as against the Lincoln Center Defendants. <u>E.g.</u>, <u>Chodkowski</u>, 2007 WL 2717872, at *9 (granting motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), holding that "[h]ere, plaintiffs have simply alleged that Saurez gave false information to the police, which will not suffice to convert a private party into a state actor under § 1983.").

C.   <u>Ahmed Does Not Allege A Violation Of A Constitutionally Protected Right</u>

In addition to alleging that the conduct complained of was committed by a person acting under color of law, a plaintiff seeking to recover for a purported Section 1983 violation must allege that the defendant's conduct "deprived plaintiff of a right, privilege or immunity guaranteed by the Constitution or laws of the United States." <u>Soto v. City of New York</u>, No. 04 Civ. 4559, 2005 WL 66893, at *2 (S.D.N.Y. Jan. 11, 2005). "Section 1983 does not in and of itself create any substantive rights; rather the plaintiff must demonstrate a violation of an independent federal constitutional or statutory right." <u>McDermott v. City of New York</u>, No. 00 Civ. 8311, 2002 WL 265127, at *4 (S.D.N.Y. Feb. 25, 2002).

Instead of alleging a violation of an independent federal constitutional or statutory protected right, however, Ahmed does nothing more than vaguely allude to nameless "civil rights" that he claims were violated:

> That by virtue of the aforementioned acts by Lincoln Center, its agents, servants and employees, including Shelton, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, and Lincoln Center and Shelton are therefore liable to plaintiff under 42 U.S.C. § 1983.

(Complaint ¶ 37.)

Ahmed's failure to identify the specific Constitutional or statutory right that was purportedly violated mandates the dismissal of his Section 1983 claim:

> Plaintiff alleges only that "[a]s a result of the acts of the defendants, and each of them, plaintiff has suffered gross violations of his civil rights under 42 U.S.C. § 1983, all to his damage." Plaintiff thus merely alleges that the State Defendants violated Section 1983. Because plaintiff does not identify the Constitutional or statutory right that the State Defendants allegedly violated, or state which acts by which State Defendants allegedly violated a Constitutional or statutory right, all claims under Section 1983 are dismissed.

Miller v. Carpinello, No. 06 CV 12940, 2007 WL 4207282, at *3 (S.D.N.Y. Nov. 20, 2007) (citation omitted).

The allegations in Ahmed's Complaint are no more specific than the allegations in the plaintiff's complaint in Miller. Accordingly, Ahmed's Section 1983 claim against the Lincoln Center Defendants should be dismissed.[2]

---

[2] Even if Ahmed's Section 1983 claim could be construed as based upon an alleged violation of his rights under the Fourth Amendment to the United States Constitution, see Soto, 2005 WL 66893, at *2 ("I have liberally construed Soto's complaint to assert claims for violations of the Fourth Amendment (false arrest and false imprisonment) . . . ."), it should nevertheless be dismissed because he has not adequately alleged state action by the Lincoln Center Defendants, and, as discussed in Section II.A., infra, he fails to allege the necessary elements to state a claim for false arrest and false imprisonment.

D.  Ahmed Fails To Allege That A Municipal
    <u>Policy Or Custom Resulted In A Constitutional Deprivation</u>

Because Ahmed alleges that the Lincoln Center Defendants "willfully participated in joint activity with the City" (Complaint ¶ 22), the liability of the former is premised on the liability of the latter. But to assert a Section 1983 claim against a municipality, Plaintiff must assert that there was a policy or custom, and that the policy or custom resulted in a deprivation of his rights. <u>Arlotta</u>, 349 F.3d at 521-22 ("The policy or custom must be the 'moving force' behind the alleged constitutional deprivation."). Here, the absence of any allegation that a municipal policy or custom caused the deprivation of a constitutionally protected right requires the dismissal of Ahmed's Section 1983 cause of action. <u>Soto</u>, 2005 WL 66893, at *3 (granting motion to dismiss where the plaintiff "fail[ed] to allege any facts suggesting the existence of a policy or custom of the City that caused the alleged deprivation . . . .").

## POINT II

### AHMED DOES NOT ADEQUATELY PLEAD ANY TORTIOUS CONDUCT BY THE LINCOLN CENTER DEFENDANTS, AND HIS STATE LAW CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

In the event that the Court dismisses Ahmed's federal claim, it should exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to decide the Lincoln Center Defendants' motion to dismiss Ahmed's state law claims. The Court's exercise of its supplemental jurisdiction would be appropriate here because all the causes of action arise from the same facts, and the interests of judicial economy would be served by deciding the motion with respect to all claims, rather than dismissing the state law claims for lack of subject matter jurisdiction. <u>Aquinas v. Federal Express Corp.</u>, 940 F. Supp. 73, 79 (S.D.N.Y. 1996) ("Because plaintiff's federal claims are being dismissed, the question of whether this Court should exercise its supplemental jurisdiction over plaintiff's state claims is left to the Court's discretion. Here,

judicial economy and the close relationship between the federal and state claims warrant retention over all causes of action."). Even a cursory review of the state law claims demonstrates that the Lincoln Center Defendants' motion to dismiss should be granted in its entirety.

A.   Ahmed Fails To State A Cause Of Action For
     False Arrest And False Imprisonment (First Cause Of Action)

In order to sustain a false arrest claim against a defendant, it must be shown that the police were not acting on their own volition, but, rather, were carrying out express directions or demands of the defendant. Du Chateau v. Metro-North Commuter R.R. Co., 253 A.D.2d 128, 132, 688 N.Y.S.2d 12, 16 (1st Dep't 1999) ("It is not enough that the defendant's words or actions caused a police officer to confine him; plaintiff must show that the defendant 'directed an officer to take [him] into custody.'") (quoting Vernes v. Phillips, 266 N.Y. 298, 301 (1935)); Smalls v. Board of Educ., 114 Misc. 2d 109, 117, 450 N.Y.S.2d 987, 992 (N.Y. City Civ. Ct. 1982) ("The law is clear that a defendant in a false arrest action will not be held liable for police detention unless it is shown that the police are not acting on their own volition but rather were carrying out the express directions or demands of the defendant.").

"It is well settled in this State's jurisprudence that a civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest . . . ." Du Chateau, 253 A.D.2d at 131, 688 N.Y.S.2d at 15. See also Perez v. Charter One FSB, 298 A.D.2d 447, 448, 748 N.Y.S.2d 392, 393 (2d Dep't 2002) (holding that defendant could not be held liable for false arrest when it "merely supplied information to the police who determined that an arrest was appropriate."); Grant v. Barnes & Noble, Inc., 284 A.D.2d 238, 239, 726 N.Y.S.2d 543 (1st Dep't 2001) ("Moreover, the evidence shows merely that defendant Mays gave certain information to the police, or

encouraged others to do so. Such behavior is not actionable."). Even if the information provided to the police is subsequently found to be erroneous, the informant-defendant will not be held liable for the false arrest. Colon v. Wal-Mart Stores, Inc., 182 Misc.2d 921, 925-26, 703 N.Y.S.2d 863, 867 (N.Y. Sup. Ct. 1999) ("Merely providing information to the police, even when subsequently found to be in error, does not subject the informant to liability for false arrest unless he or she instigated the plaintiff's arrest or persuaded the police to arrest plaintiff."), aff'd, 268 A.D.2d 857, 700 N.Y.S.2d 866 (3d Dep't 2000).

In the Complaint, Ahmed alleges no more than that "Lincoln Center, by and through its agents, servants and/or employees, including Shelton, wrongfully instigated, importuned, and encouraged members of the NYPD to arrest plaintiff" (Complaint ¶ 21), and that "the seizure, detention, arrest, and imprisonment of plaintiff were caused by the improper conduct of Lincoln Center, its agents, servants and/or employees, including Shelton." (Id. ¶ 24.) Such broad and conclusory allegations cannot withstand a Rule 12(b)(6) motion to dismiss a false arrest claim:

> In Weintraub, the plaintiff alleged prior incidents that demonstrated a long-standing vendetta against the plaintiff, which allowed the court to infer potential bad faith. Here, plaintiffs have vaguely alleged that all the defendants acted with malice, but have failed to allege facts sufficient to support their statement. "Bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss.

Chodkowski, 2007 WL 2717872, at *9 (citing Weintraub v. Board of Educ., 423 F. Supp. 2d 38 (E.D.N.Y. 2006), quoting Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)).

Ahmed's cause of action for false arrest and false imprisonment should therefore be dismissed.

B.  Ahmed Fails To State A Cause Of Action
    For Assault And Battery (Second Cause Of Action)

"A civil assault 'is an intentional placing of another person in fear of imminent harmful or offensive contact;' civil battery 'is an intentional wrongful physical contact with another

person without consent.'" Charkhy v. Altman, 252 A.D.2d 413, 414, 678 N.Y.S.2d 40, 41 (1st Dep't 1998) (quoting United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp., 994 F.2d 105, 108 (2d Cir. 1993). See also Zgraggen v. Wilsey, 200 A.D.2d 818, 819, 606 N.Y.S.2d 444, 445 (3d Dep't 1994) ("The elements of a cause of action for battery are bodily contact, made with intent, and offensive in nature.").

There are no allegations in the Complaint that Elrige Shelton or any other employee of LCPA placed Ahmed in "fear of imminent harmful contact." Moreover, while Ahmed claims that "during the course of the seizure, detention, and arrest of plaintiff, Lincoln Center, its agents, servants and/or employees, including Shelton, used excessive, unreasonable, and unnecessary force against plaintiff, thereby causing physical injury to plaintiff" (Complaint ¶ 27), this allegation is directly contradicted by his allegation that only Officers Singh and Olivo arrested him. (Id. ¶ 23 (stating that "Singh and Olivo forcibly seized, detained, arrested and imprisoned plaintiff without justification, privilege or probable cause, and without adequately investigating the accusations that were made against plaintiff.").

Inasmuch as there are no allegations that Shelton or any other LCPA employee arrested Ahmed, or even detained Ahmed pending the arrival of the police, the Court need not credit the conclusory allegation that Shelton used unreasonable and excessive force during Ahmed's arrest, and should dismiss his assault and battery claim. See Izzo v. City of Syracuse, No. 98-CV-0778, 2000 WL 1222014, at *6 (N.D.N.Y. Aug. 3, 2000) ("The purpose of a motion to dismiss is to assess the validity of the pleadings. To require courts to accept as true factual allegations made in [plaintiff's] objections when those allegations directly contradict the facts set forth in the complaint 'would be to stretch Rule 12(b)(6) far beyond even the generous pleading standards that we apply to pro se plaintiffs'") (quoting Henthorn v. Dep't of Navy, 29 F.3d 682, 688 (D.C.

11

Cir. 1994)) (emphasis in original); Barnett v. Anaconda, 238 F. Supp. 766, 774 (S.D.N.Y. 1965) ("[A] conclusory allegation on the subject [of causation] need not be accepted when in irreconcilable conflict with evidentiary facts alleged in the complaint.").

C.  Ahmed Fails To State A Cause Of Action For Negligence (Third Cause of Action)

In order to prevail on a negligence claim under New York law, a plaintiff must establish '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" Silver v. Kuehbeck, No. 05 Civ. 35 (RPP), 2005 WL 2990642, at *8 (S.D.N.Y. Nov. 7, 2005) (quoting Akins v. Glens Falls Sch. Dist., 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 648 (1981)), aff'd, 217 Fed. Appx. 18 (2d Cir. 2007). But here, the Complaint fails to allege in non-conclusory terms that any purported breach of the duty of due care by the Lincoln Center Defendants proximately caused injury to Ahmed.

Moreover, to the extent that the Complaint can be interpreted as asserting a cause of action for negligent hiring, training and supervision (Complaint ¶ 7), that claim should also be dismissed. A "necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury." State Farm Ins. Co. v. Central Parking Sys., Inc., 18 A.D.3d 859, 860, 796 N.Y.S.2d 665, 667 (2d Dep't 2005). There is no such allegation in the Complaint.

12

## **CONCLUSION**

For the foregoing reasons, the Lincoln Center Defendants respectfully request that the Court grant its motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: May 30, 2008
      New York, New York

MOUND COTTON WOLLAN & GREENGRASS

By:   s/Kenneth M. Labbate
        Kenneth M. Labbate (KL-1074)
        Sanjit Shah (SS-0148)
One Battery Park Plaza
New York, New York 10004
Phone: (212) 804-4200
Fax:   (212) 344-8066
klabbate@moundcotton.com
sshah@moundcotton.com
Attorneys for Defendants
*Lincoln Center for the Performing Arts, Inc.,*
*and Elrige Shelton*

Of Counsel:

    Lesley Friedman Rosenthal (LR-5637)
    Vice President, General Counsel & Secretary
    Lincoln Center for the Performing Arts, Inc.
    70 Lincoln Center Plaza
    New York, NY 10023-6583
    Phone: (212) 875-5000
    Fax:   (212) 875-5122
    lrosenthal@lincolncenter.org

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK     )

    IRENE SIEGEL, being duly sworn, deposes and says:

    Deponent is not a party to this action, is over the age of 18 years, and resides in Queens, New York.

    That on the 30th of May, 2008 deponent served the annexed **MEMORANDUM OF LAW** upon:

Edward Sivin, Esq.
Sivin & Miller, LLP
170 Broadway
New York, NY 10038
Attorneys for Plaintiff

Mary O'Flynn, Esq.
New York City Department of Law
100 Church Street
New York, NY 10007
Attorneys for Defendants
 The City of New York, Rajinder Singh
    and Noel Olivo

at the address designated by said attorney(s), by depositing the same enclosed in a postpaid properly addressed wrapper and directed to the above address in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York

                                              _____
                                              IRENE SIEGEL

Sworn to before me this
30th day of May, 2008

_____
   Notary Public

KEVIN J. BRASSIL
Notary Public, State of New York
No. 31-5018311
Qualified in New York County
Certificate Filed in New York County
Commission Expires Sept. 27, 20___