UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
MOHAMMAD AHMED,

        Plaintiff,

  -against-                             08-CV-4804 (GBD)

LINCOLN CENTER FOR THE PERFORMING
ARTS, INC., ELWOOD SHELTON, THE CITY
OF NEW YORK, RAJINDER SINGH and
NOEL OLIVO,

        Defendants.
----------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS LINCOLN CENTER'S AND ELWOOD SHELTON'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

Dated: New York, New York
       July 11, 2008

*Sivin & Miller, LLP*
*Attorneys for plaintiff*
*170 Broadway*
*New York, NY 10038*
*(212) 349-0300*

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**................................1

**STATEMENT OF FACTS**..................................1

**ARGUMENT**

    I. HAVING REMOVED PLAINTIFF'S ACTION FROM STATE COURT, DEFENDANTS CANNOT SEEK DISMISSAL ON THE GROUND THAT THE COMPLAINT ALLEGEDLY LACKS THE REQUISITE SPECIFICITY UNDER FEDERAL RULES OF PROCEDURE................................4

    II. PLAINTIFF'S COMPLAINT SUFFICIENTLY STATES CAUSES OF ACTION AGAINST DEFENDANTS.............8

        A. Plaintiff's False Arrest Claim........................9

        B. Plaintiff's Assault and Battery Claim................12

        C. Plaintiff's Negligence Claim........................14

        D. Plaintiff's Claim Under 42 USC § 1983..............14

    III. ANY ORDER DISMISSING ANY PORTION OF PLAINTIFF'S COMPLAINT SHOULD BE MADE WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD....15

**CONCLUSION**..........................................17

## PRELIMINARY STATEMENT

This memorandum of law is submitted by plaintiff in opposition to the motion of defendants Lincoln Center for the Performing Arts, Inc. ("Lincoln Center") and Elwood Shelton ("Shelton") for an order dismissing plaintiff's complaint pursuant to Fed. R. Civ. Proc. 12(b)(6).

The instant motion must be denied at the threshold since Lincoln Center and Shelton, having removed plaintiff's case from state court, improperly seek dismissal of that complaint based on federal pleading standards. Moreover, even had it been filed initially in federal court, plaintiff's complaint pleads causes of action with sufficient specificity to survive a Rule 12(b)(6) motion. Finally, even were the Court to overlook the procedural defect in defendants' motion and further determine that any of plaintiff's causes of action fails to state a claim upon which relief can be granted, any order of dismissal should be without prejudice to plaintiff's right to replead that cause of action.

## STATEMENT OF FACTS

Plaintiff commenced this lawsuit on April 22, 2008 by filing a summons and verified complaint [hereinafter "the complaint"] in the Supreme Court of the State of New York, County of New York. According to the complaint, on August 18, 2007 Elwood Shelton, a security guard at Lincoln

Center, falsely accused plaintiff of scalping or attempting to scalp tickets at Lincoln Center. (¶18). The complaint further alleges that Shelton made these false accusations against plaintiff without first conducting any reasonable or careful inquiry into the circumstances of plaintiff's presence at Lincoln Center. (¶ 19).

Defense counsel, who submits the complaint as the only exhibit in support of the motion to dismiss, mischaracterizes the complaint as asserting that Shelton actually "saw Ahmed 'scalping' tickets at the Lincoln Center Complex...." (Defendant's Memorandum of Law, p. 2). However, the complaint makes no such assertion; nor does it contain any language from which one can in good faith assert that Shelton, or anyone else, observed plaintiff scalping tickets.[1]

Shelton's wrongful conduct did not end at falsely accusing plaintiff of scalping tickets. Shelton then called the police and asked them to arrest plaintiff. Defense counsel's assertion that Shelton called the police "for help" (*see* Defendants' Memorandum of Law, p. 2) again finds no support in the complaint. Instead, the complaint alleges that Shelton

---

[1] Had defense counsel a good faith basis for the assertion that Shelton saw plaintiff scalping tickets, he could have submitted an affidavit to that effect from Shelton and asked the Court to consider that affidavit in support of defendants' motion to dismiss. *See* Fed. R. Civ. Proc. 12(b)(6)[on a motion to dismiss pursuant to 12(b)(6) a party can present "matters outside the pleading"].

2

"instigated, importuned, and encouraged members of the NYPD to arrest plaintiff" (¶ 21), and that Shelton actually "caused" the "seizure, detention, arrest, and imprisonment of plaintiff" (¶ 24).

The complaint adds that during the course of plaintiff's arrest and detention, Shelton used "excessive, unreasonable and unnecessary force against plaintiff" (¶ 27), and that as a result of Shelton's wrongful use of force, plaintiff was caused to sustain physical injury. (Id.)

Plaintiff's complaint alleges as a First Cause of Action that the actions of Lincoln Center and Shelton subject those defendants to "false arrest" under New York law. (¶ 31). Plaintiff alleges as a Second Cause of Action that Lincoln Center's and Shelton's actions constitute an "assault and battery" under New York law. (¶ 33).

The Third Cause of Action in the complaint sounds in negligence. (¶ 35). Specifically, the complaint alleges that Lincoln Center and Shelton had a duty "to operate, manage, maintain, and control the premises and activities thereat in a careful, safe, and lawful manner, such that no persons lawfully within and upon the premises would be caused to sustain personal injuries" (¶ 6), that Lincoln Center had a duty "to use reasonable care in the hiring, training and retention of its employees" (¶ 7), and that defendants breached these duties when they "failed to exercise reasonable care and failed

3

to conduct a reasonable or careful inquiry or investigation prior to making the false accusations against plaintiff" (¶ 19).

Finally, the Fourth Cause of Action alleges that Lincoln Center and Shelton deprived plaintiff "of his civil rights guaranteed under the Constitution of the United States" and "therefore are liable to plaintiff under 42 USC § 1983" (¶ 37). In support of that cause of action, the complaint asserts that when Shelton caused the arrest of and used excessive force against plaintiff, Shelton was "clothed with the authority of state law" (¶ 5) and "willfully participated in joint activity" with the NYPD officers (¶ 22).

After plaintiff filed the complaint in New York State Supreme Court, Lincoln Center and Shelton removed the action to the United States District Court. These defendants now seek a dismissal of the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) on the ground that the complaint allegedly does not comport with federal pleading requirements.

## ARGUMENT

### I. HAVING REMOVED PLAINTIFF'S ACTION FROM STATE COURT, DEFENDANTS CANNOT SEEK DISMISSAL ON THE GROUND THAT THE COMPLAINT ALLEGEDLY LACKS THE REQUISITE SPECIFICITY UNDER FEDERAL RULES OF PROCEDURE

"[W]hen a defendant removes a complaint which states the claim with sufficient specificity to be viable in the court from which it was removed,

4

they (sic) may not later be heard to seek dismissal for want of specificity." Aledide v. Barr, 607 F. Supp. 281, 283 (SDNY 1985). Instead, the defendant may "move for a more definite statement pursuant to Fed. R. Civ. P. 12(e)."

Here, the motion to dismiss must be denied at the threshold since defendants Lincoln Center and Shelton do not even address whether the various causes of action in the complaint were pled with sufficient specificity under New York law. Indeed, although there are several rules and statutes contained in New York's Civil Practice Law & Rules ("CPLR") that govern motions addressed to the pleadings,[2] not one is referenced by defendants either in the defendants' Notice of Motion or the accompanying Memorandum of Law.[3] Even were one to construe defendants' motion as seeking dismissal of plaintiff's complaint under the standard used by New York courts to decide a CPLR Rule 3211(a)(7) motion to dismiss, a "motion to dismiss…governed by CPLR section 3211(a)(7)…operates on a standard wholly distinct from a Rule 12(b)(6) motion." 237 Park Investors LLC v.

---

[2] CPLR Rule 3024(a) addresses a pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a response…." CPLR Rule 3211(a)(7) governs a motion to dismiss a complaint that "fails to state a cause of action," and CPLR Rule 3212 governs a motion to dismiss a cause of action which, based upon the "papers and proof submitted," is untenable "as a matter of law."

[3] Defendants' failure to identify any rule or statute that governs pleading requirements under New York law also violates FRCP 7(b)(1), which requires that a motion seeking an order "shall state with particularity the grounds therefore," and Local Civil Rule 7.2, which requires that "[u]pon any motion based upon rules or statutes, the notice of motion or order to show cause shall specify the rules or statutes upon which the motion is predicated."

5

Royal & Son Alliance, 2004 US Dist. LEXIS 3132, * 8, n1 (SDNY 2004). Here, defendants do not even allude to the standard under which New York courts decide CPLR 3211(a)(7) motions, much less discuss whether plaintiff's complaint passes muster under that standard. Since a defendant who seeks dismissal pursuant to Fed. R. Civ. Proc. 12(b)(6) has the initial burden of proof that the complaint is deficient (*see* Nguyen Thang Loi v. Dow Chem. Co. (In re Agent Orange Prod. Liab. Litig.), 373 F. Supp. 2d 7, 39 (EDNY 2005), *citing* Conley v. Gibson, 355 US 41, 45-46 (1957)[defendant who moves to dismiss under Rule 12(b)(6) has the initial "burden of proving 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'"]; Brown v. DeFrank, 2006 US Dist. LEXIS 83345 (SDNY 2006)[contrasting 12(b)(1) motion to dismiss, where plaintiff bears the burden, with 12(b)(6) motion, where defendant "has the burden of proof"]), defendants' failure even to allege, much less demonstrate, that plaintiff's complaint was not properly pled under New York law requires that defendants' motion be denied.

Defendants' failure to meet the initial burden on their motion to dismiss cannot be cured through reply papers. *See* Aurora Loan Servs. v. Posner, Posner & Assocs., 513 F. Supp. 2d 18, 20 (SDNY 2007)[failure of defendant to meet its initial burden on motion for summary judgment cannot

6

be cured through reply papers]; Playboy Enters. V. Dumas, 960 F. Supp. 710, 720 (SDNY 1997)[moving defendant's failure to discuss law governing the issues cannot be cured by reply brief]; *cf.* NLRB v. Star Color Plate Service, 843 F.2d 1507, 1510 n.3 (2nd Cir. 1988)[issue first raised in appellate reply brief need not be considered by appellate court]. Accordingly, plaintiff requests that the Court disregard any attempt by defendants to resurrect their procedurally flawed motion by discussing for the first time in their reply papers those rules of New York procedure on which they seek to rely.

Finally, New York law, to which the Court initially must look in deciding whether the causes of action in plaintiff's state court complaint were pled with sufficient specificity, *see* Aledide v. Barr, *supra*, requires that "[w]hen…a motion to dismiss for failure to state a cause of action is addressed to the entire complaint rather than to particular causes of action thereof, it must be denied if one of the plaintiff's causes of action is found to be legally sufficient." O'Reilly v. Executone of Albany, Inc., 121 AD2d 772, 774 (3rd Dept. 1986). Under those circumstances, "[i]t is not necessary for the court to examine the sufficiency of the remaining causes of action." Id. Here, defendants seek to dismiss plaintiff's complaint in its entirety as against them. Accordingly, defendants' entire motion would have to be denied in any event if even one cause of action were found to be legally sufficient.

## II. PLAINTIFF'S COMPLAINT SUFFICIENTLY STATES CAUSES OF ACTION AGAINST DEFENDANTS

Even were the Court to consider the substantive merits of defendants' motion to dismiss pursuant to Rule 12(b)(6), the motion still would have to be denied in its entirety. In determining a motion to dismiss under Rule 12(b)(6), the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor." Allaire Corp. v. Okumus, 433 F.3d 248, 249-250 (2nd Cir. 2006)[internal quotation marks and citation omitted]. Since a 12(b)(6) motion is used to assess only the legal feasibility of a complaint, the Court should not "assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodoties, Inc., 748 F.2d 774, 779 (2nd Cir. 1984). Dismissal under Rule 12(b)(6) is "appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Harris v. City of New York, 186 F.3d 243, 250 (2nd Cir. 1999)[*quoting* Conley v. Gibson, 355 US 41, 45-46 (1957)].

In considering a Rule 12(b)(6) motion, the Court also must "address the sufficiency of the pleadings within the vacuum of [Fed. R. Civ. Proc.] 8." Bostic v. City of Bunghamton, 2006 U.S. Dist. LEXIS 73948, 3 (NDNY 2006). Rule 8(a)(2) requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to

8

relief...."

As will be demonstrated below, each of the causes of action in plaintiff's complaint contains allegations which, if true, sufficiently set forth claims upon which relief can be granted. Moreover, since defendants have elected to move for dismissal based solely on the contents of plaintiff's complaint, without presenting any matters "outside the pleading" as permitted under Rule 12(b)(6), defendants clearly have not met their burden of proving "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Harris v. City of New York, *supra*.

A. Plaintiff's False Arrest Claim Under New York Law

Defendants correctly note that one who "merely" supplies information to a police officer who then arrests a plaintiff ordinarily is not liable to the plaintiff for false arrest. *See* Tzambazis v. City of New York, 291 AD2d 397 (2nd Dept. 2002). Where, however, a defendant's actions go beyond merely supplying information in which he has a good faith belief, and involve instigating, planning or engineering the wrongful arrest of the plaintiff, intentionally giving false information to the police officer, or otherwise taking an active role in importuning the police officer to effect the arrest, an action for false arrest will lie. See, e.g. Vernes v. Phillips, 266 NY 298 (1938)[*prima*

*facie* case of false arrest established against defendant who falsely told police that plaintiff had stolen $275 and should be arrested]; D'Elia v. 58-35 Utopia Parkway Corp., 43 AD3d 976, 978 (2nd Dept. 2007)[affirming judgment in favor of plaintiff on false arrest claim where plaintiff "was arrested by police officers based on false allegations made against him by the" defendants]; Mesiti v. Wegman, 307 AD2d 339 (2nd Dept. 2003)[affirming verdict in favor of plaintiff on false arrest claim where the defendant acted with "undue zeal" in instigating the plaintiff's wrongful arrest]; Lowmack v. Eckerd Corp., 303 AD2d 998 (4th Dept. 2003)[defendant corporation liable for false arrest where defendant's employees intentionally misidentified plaintiff as perpetrator of crime]; Perez v. Charter One FSB, 298 AD2d 447, 447 (2nd Dept. 2002)[defendant who "instigate[s] the plaintiff's arrest" can be found liable for false arrest]; Davern v. Drew, 153 AD2d 844 (1st Dept. 1912), aff'd 214 NY 681 [defendant who falsely identified plaintiff as the perpetrator of a crime and instigated plaintiff's arrest found liable for false arrest].

In Weintraub v. Board of Education of the City of New York, 423 F. Supp. 2d 38 (E.D.N.Y. 2006), the district court, interpreting New York law, upheld a false arrest claim against a private citizen who, like Shelton, falsely accused the plaintiff of having committed a crime. The court stated that the jury could infer that the defendant "intended to have [the plaintiff]

arrested by making false statements to the police," and that the defendant therefore could be held liable for the plaintiff's arrest. 423 F. Supp. at 46. Similarly, in <u>Mitchell v. County of Nassau</u>, 2007 U.S. Dis. LEXIS 38711 (EDNY 2007), where the plaintiff was arrested after a security officer employed by the defendant Cablevision Systems Corp. accused her of theft of services, the court denied the security officer's 12(b)(6) motion to dismiss. The court held that the allegations in the plaintiff's complaint that the officer intentionally made false criminal charges against her without adequate investigation and urged that plaintiff be arrested were sufficient "at the pleadings stage" to state a cause of action for false arrest. <u>Mitchell v. County of Nassau</u>, 2007 U.S. Dis. LEXIS 38711, * 36.

      Here, plaintiff's complaint similarly alleges that Shelton, a security officer employed by Lincoln Center, "falsely accused" plaintiff of scalping tickets (¶ 18), "failed to conduct a reasonable or careful inquiry or investigation prior to making the false accusations against plaintiff" (¶ 19), and "wrongfully instigated, importuned, and encouraged members of the NYPD to arrest plaintiff." (¶ 21). The complaint goes further. Unlike in <u>Mitchell</u>, where it was alleged only that the security officer filed a false complaint against the plaintiff, here it is alleged that Shelton actually "participated" in plaintiff's physical arrest. (¶ 22). Based on the foregoing, plaintiff's

11

complaint clearly sets forth a claim for false arrest against defendants Shelton and Lincoln Center.

Defendants cite Chodkowski v. City of New York, 2007 U.S. Dist. LEXIS 67822 (SDNY 2007) in support of their argument that plaintiff's cause of action for false arrest under state law cannot survive a Rule 12(b)(6) motion. (Defendants' Memorandum of Law, p. 10). However, the court in Chodkowski did not address the sufficiency of the plaintiff's state law claims. Indeed, after dismissing the plaintiff's *federal* claims, the court specifically opined that the plaintiff's *state* claims "may survive a motion to dismiss" but that it was "declin[ing] to exercise supplemental jurisdiction…in order to consider them." 2007 U.S. Dist. LEXIS 67822 at * 34.

### B. Plaintiff's Assault and Battery Claim Under New York Law

Without citing a single case (state or federal) where a court identified the requisite standard for pleading assault and battery under New York law, defendants contend that plaintiff's assault and battery claim is not pled with sufficient specificity to survive a Rule 12(b)(6) motion. First, defendants argue that plaintiff's assault claim is deficient because it does not allege that defendants "placed Ahmed in 'fear of imminent harmful contact.'" (Defendants' Memorandum of Law, p. 11). In Cinquanti v. Tompkins-Cortland Community College, 2000 U.S. Dis. LEXIS 9433, *30-13 (NDNY

12

2000), however, the court denied a Rule 12(b)(6) motion to dismiss an assault claim and in so doing rejected the defendants' argument that the complaint was required specifically to allege that the plaintiff "was placed in imminent apprehension of harmful or offensive contact."

Next, defendants argue that since the complaint supposedly does not assert that Shelton "arrested" plaintiff, the Court should disregard as contradictory the allegations that Shelton used excessive and unreasonable force against plaintiff. (Defendants' Memorandum of Law, p. 11). Defendants' position is meritless because it incorrectly assumes that Shelton could have assaulted and battered plaintiff only as part of an effort to effectuate a physical arrest of plaintiff. There are other possible scenarios under which Shelton could be deemed to have "assaulted and battered" plaintiff. For example, Shelton could have committed a classic assault and battery and punched plaintiff in the nose, or otherwise used physical force against plaintiff, not in an effort to place him under arrest, but merely to cause plaintiff physical injury. Adopting defendants' narrow interpretation of the complaint would disregard the rule that on a motion to dismiss the court must "accept[] as true the factual allegations in the complaint and *draw[] all inferences in the plaintiff's favor.*" Allaire Corp. v. Okumus, 433 F.3d 248, 249-250 (2nd Cir. 2006)[emphasis added].

### C. Plaintiff's Negligence Claim Under New York Law

The complaint also alleges that Lincoln Center and Shelton had a duty "to operate, manage, maintain, and control the premises and activities thereat in a careful, safe, and lawful manner, such that no persons lawfully within and upon the premises would be caused to sustain personal injuries" (¶ 6), that Lincoln Center had a duty "to use reasonable care in the hiring, training and retention of its employees" (¶ 7), and that defendants breached these duties when they "failed to exercise reasonable care and failed to conduct a reasonable or careful inquiry or investigation prior to making the false accusations against plaintiff" (¶ 19). Here again, defendants seek to dismiss a cause of action without citing a single case where a court identified the requisite standard for *pleading* negligence under New York law. Defendants cite only cases that set forth what a plaintiff eventually must *prove* in order to sustain his negligence claim. Accordingly, defendants' motion to dismiss plaintiff's negligence cause of action must be denied as well.

### D. Plaintiff's Claim Under 42 USC § 1983

Although as a general rule the acts of a private security guard do not constitute state action under § 1983, such guards may be liable under § 1983 if they are "clothed with the authority of state law," Temple v. S.O. Albert, 719 F. Supp. 265, 267 (SDNY 1989) or are "willful participant[s] in

14

joint activity with the State or its agents," United States v. Price, 383 US 787, 794 (1966); see Brooks v. Santiago, 1998 U.S. Dist. LEXIS 2769 (SDNY 1998)[denying defendants Shop Rite's and its security guard's motion for summary judgment dismissing plaintiff's § 1983 claim where security guard provided false information to and acted in concert with police in connection with the plaintiff's arrest]. Here, the complaint alleges both that Shelton was "clothed with the authority of state law" (¶ 5) and that he "willfully participated in joint activity" with the NYPD officers (¶ 22) when he assaulted and battered plaintiff and caused plaintiff to be falsely arrested. Accordingly, the motion to dismiss plaintiff's § 1983 cause of action must be denied as well.

### III. ANY ORDER DISMISSING ANY PORTION OF PLAINTIFF'S COMPLAINT SHOULD BE MADE WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD

In Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 (2nd Cir. 1991), the Second Circuit reversed that portion of the district court's order that dismissed a complaint pursuant to Rule 12(b)(6) *without leave to replead*. The Court explained that "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead. Although leave to replead is within the discretion of the district court, refusal to grant it without any justifying reason is an abuse of discretion." 949 F.2d at 50 [citations omitted]. Similarly, in Branum v. Clark, 927 F.2d 698 (2nd Cir. 1991), where the district court

15

dismissed a civil rights action pursuant to Rule 12(b)(6), the Second Circuit reversed that portion of the order that dismissed the action "with prejudice," and stated that the plaintiff should be given an opportunity to file an amended complaint setting forth his allegations against the defendant with greater specificity. *See also* Shane v. Fauver, 213 F.3d 113, 116 (3rd Cir. 2000)[when a § 1983 complaint is dismissed for lack of factual specificity, it is an "abuse of discretion" to deny an application for leave to amend the complaint].

      Here, for the reasons stated in argument headings I and II, *supra*, defendants' motion to dismiss must be denied in its entirety. However, if the Court decides to grant defendants' motion to the extent of dismissing any portion of plaintiff's complaint, plaintiff respectfully requests that such an order be made without prejudice and with leave to replead any cause of action that the Court deems to be deficient.

## **CONCLUSION**

For the reasons set forth above, plaintiff respectfully requests that the motion by defendants Lincoln Center and Shelton to dismiss plaintiff's complaint pursuant to FRCP 12(b)(6) be denied in its entirety, together with such other and further relief as is just proper and equitable.

Dated: New York, New York
       July 11, 2008

SIVIN & MILLER, LLP

By_____
Edward Sivin (ES 7351)
Attorneys for plaintiff
170 Broadway
New York, NY 10038
(212) 349-0300

Case No.   08 CV 04804 (GBD)

UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD AHMED,

        Plaintiff,

  -against-

LINCOLN CENTER FOR THE PERFORMING ARTS, INC., et. al.,

        Defendants.

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS LINCOLN CENTER'S AND ELWOOD SHELTON'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
170 Broadway
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462