UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MOHAMMAD AHMED,

         Plaintiff,

-against-

LINCOLN CENTER FOR THE PERFORMING ARTS,
INC. ELWOOD SHELTON, THE CITY OF NEW YORK,
RAJINDER SINGH and NOEL OLIVO,

         Defendants.

------------------------------------------------------------------ x

**AMENDED ANSWER ON BEHALF OF THE CITY OF NEW YORK, RAJINDER SINGH, AND NOEL OLIVO**

Jury Trial Demanded

08 CV 4804 (GBD) (DF)

    Defendants City of New York, Rajinder Singh, and Noel Olivo (hereinafter "City Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

    1.  Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the complaint.

    2.  Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "2" of the complaint.

    3.  Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "3" of the complaint.

    4.  Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "4" of the complaint.

    5.  Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "5" of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Rajinder Singh was employed by the City of New York as a Police Officer in August 2007.

10. Paragraph "10" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

11. Paragraph "11" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Noel Olivo was employed by the City of New York as a Police Officer in August 2007.

13. Paragraph "13" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

14. Paragraph "14" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that a document purporting to be a Notice of Claim on plaintiff's behalf was received by

the Comptroller's Office on or about August 22, 2007, that the claim has not been adjusted, and that the complaint was filed with the Court on or about April 14, 2008.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege paragraphs "1" through "15" of their answer, as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "21" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" of the complaint, except admit that Officer Olivo and Officer Singh were summoned to Lincoln Center.

21. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "28" of the complaint regarding plaintiff's alleged injuries.

29. Paragraph "29" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege paragraphs "1" through "29" of their answer, as if fully set forth herein.

31. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege paragraphs "1" through "31" of their answer, as if fully set forth herein.

33. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege paragraphs "1" through "33" of their answer, as if fully set forth herein.

35. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege paragraphs "1" through "35" of their answer, as if fully set forth herein.

37. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege paragraphs "1" through "37" of their answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege paragraphs "1" through "39" of their answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege paragraphs "1" through "41" of their answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

44. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

45. City defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the

City of New York is not responsible, and was not the proximate result of any act of the City defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

47. Plaintiff may have failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49. The actions of any police officers involved, including Police Officer Singh and Police Officer Olivo, was justified by probable cause and/or reasonable suspicion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

50. Defendant Singh and Defendant Olivo have not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, are protected by qualified immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

51. At all times relevant to the acts alleged in the complaint, defendant Officer Singh and defendant Officer Olivo acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

52. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

53.  At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

54.  To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

55.  There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

56.  Plaintiff's claims may be barred in part by the applicable statute of limitations period.

**WHEREFORE**, defendants City of New York, Police Officer Singh, and Police Officer Olivo, request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 18, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants City of New York, Police
                              Officer Singh and Police Officer Olivo
                              New York, New York 10007
                              (212) 788-0899

                By: _____
                              Stuart E. Jacobs (SJ 8379)
                              Assistant Corporation Counsel

TO:   Edward Sivin, Esq. (By ECF)
      Sivin & Miller, LLP
      Attorney for Plaintiff
      170 Broadway, Suite 600
      New York, NY 10038

      Kenneth Labbate, Esq. (By ECF)
      Sanjit Shat, Esq.
      Mound Cotton Wollan & Greengrass
      Attorney for Defendant Lincoln Center &
      Elwood Shelton
      One Battery Park Plaza
      New York, NY 10004

Docket No. 08 CV 4804 (GBD) (DF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD AHMED,

                        Plaintiff,

-against-

LINCOLN CENTER FOR THE PERFORMING ARTS, INC. ELWOOD SHELTON, THE CITY OF NEW YORK, RAJINDER SINGH and NOEL OLIVO,

                        Defendants.

## AMENDED ANSWER TO THE COMPLAINT ON BEHALF OF THE CITY OF NEW YORK, POLICE OFFICER SINGH AND POLICE OFFICER OLIVO

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendants City of New York, Police Officer Singh, and Police Officer Olivo
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Stuart E. Jacobs*
*Tel: (212) 788-0899*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................ ,2008*

*.................................................................. Esq.*

*Attorney for ................................................*