UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

Civil Action No. 08CV4804 (GBD) (DF)

―――――――――――――――――――――――X

MOHAMMAD AHMED,

                          Plaintiff,

- against -

LINCOLN CENTER FOR THE PERFORMING ARTS, INC.,  
ELWOOD SHELTON, THE CITY OF NEW YORK,  
RAJINDER SINGH and NOEL OLIVO,

                          Defendants.

―――――――――――――――――――――――X

**REPLY MEMORANDUM OF LAW OF DEFENDANTS LINCOLN CENTER FOR THE PERFORMING ARTS, INC. AND ELRIGE SHELTON IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE VERIFIED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

MOUND COTTON WOLLAN & GREENGRASS  
Attorneys for Defendants  
Defendants, Lincoln Center for the Performing  
Arts, Inc. and Elrige Shelton  
One Battery Park Plaza  
New York, New York 10004  
(212) 804-4200

On the Brief:

Kenneth M. Labbate (KL-1074)  
Sanjit Shah (SS-0148)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

I. Ahmed's Section 1983 Claim Should Be Dismissed ........ 1-3

II. Ahmed's False Arrest Claim Should Be Dismissed ........ 3-5

III. Ahmed's Assault And Battery Claim Should Be Dismissed ........ 5-6

IV. Ahmed's Negligence Claim Should Be Dismissed ........ 6

V. Removal Does Not Preclude The Lincoln Center Defendants From Seeking Dismissal Of The Case Pursuant To Rule 12(B)(6) ........ 6-8

VI. The Lincoln Center Defendants Have Relied On The Correct Standard ........ 8-10

CONCLUSION ........ 10

**TABLE OF AUTHORITIES**

**CASES**

Akins v. Glens Falls Sch. Dist., 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 648 (1981)........6

Aledide v. Barr, 607 F. Supp. 281 (S.D.N.Y. 1985) ...............................................6,7

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)................................9

Chodkowski v. City of New York, No. 06 CV 7120, 2007 WL 2717872,
at *9 (S.D.N.Y. Sept. 11, 2007) ..........................................................................2

Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002)........................9

Cinquanti v. Tompkins Cortland Community College, No. 99-CV-1478,
2000 WL 949460 (S.D.N.Y. July 5, 2000).............................................................5

Concepcion v. City of New York, No. 05 Civ. 8501, 2008
(S.D.N.Y. May 7, 2008).................................................................................2,9,10

Davern v. Drew, 153 A.D.2d 844, 848, 138 N.Y.S.2d 1017, ___ (1st Dep't 1912)............4

Du Chateau v. Metro-North Commuter R.R. Co., 253 A.D.2d 128, 131,
688 N.Y.S.2d 12, 15 (1st Dep't 1999)................................................................4

Dunlop v. City of New York, 2008 WL 1970002, at *4 (S.D.N.Y. May 6, 2008)..............5

Eklund v. Pinkey, 27 A.D.3d 878, 810 N.Y.S.2d 547, 548 (3d Dep't 2006)....................8

Fontanetta v. American Bd. of Internal Med., 303 F. Supp. 427, 428 (E.D.N.Y. 1969)........9

Gaeta v. Home Box Office, 169 Misc. 2d 500, 507, 645 N.Y.S.2d 707, 712
(N.Y.C. Civ. Ct. 1996) ...................................................................................7

Grinnell v. Weston, 95 A.D. 454, 88 N.Y.S. 781, 785 (1st Dep't 1904) .........................4

Holloway v. N.Y.C. Transit Auth., 182 Misc. 2d 749, 752, 699
N.Y.S.2d 264, ___ (N.Y.C. Civ. Ct. 1999) ..........................................................7

Hudson Highlands Veterinary Med. Group, P.C. v. Veterinary Equip.
& Tech. Supply, LLC, 390 F. Supp. 2d 393, 394 n.1 (S.D.N.Y. 2005) ..........................9

Johns v. Home Depot U.S.A., Inc., 221 F.R.D. 400, 405 (S.D.N.Y. 2004).....................3

Lowmack v. Eckerd Corp., 303 A.D.2d 998, 999, 757 N.Y.S.2d 406,
___ (4th Dep't 2003) .................................................................................... 4

Mesiti v. Wegman, 307 A.D.2d 339, 340, 763 N.Y.S.2d 67,
___ (2d Dep't 2003) ................................................................................... 3,4

Miller v. Carpinello, No. 06 CV 12940, 2007 WL 4207282,
at *3 (S.D.N.Y. Nov. 20, 2007) ...................................................................... 3

Perez v. Charter One FSB, 298 A.D.2d 447- 48, 748 N.Y.S.2d 392, 393
(2d Dep't 2002) .............................................................................................. 4

Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117,
121 (2d Cir. 2007) .......................................................................................... 9

Robinson v. Robinson, 303 A.D.2d 234, 235, 757 N.Y.S.2d 13, 15
(1st Dep't. 2003) ............................................................................................ 8

Silver v. Kuehbeck, No. 05 Civ. 35, 2005 WL 2990642
(S.D.N.Y. Nov. 7, 2005), aff'd, 217 Fed. Appx. 18 (2d Cir. 2007). ............... 6

Vernes v. Phillips, 266 N.Y. 298, 300, 194 N.E. 762, ___ (1935). ............... 3,4

Weintraub v. Board of Educ. of New York, 423 F. Supp. 2d 38
(E.D.N.Y. 2006) ............................................................................................ 5

World Wide Tours of Greater NY, Ltd. v. Parker Hannifin Customer
Support, Inc., No. CV-07-1007, 2008 WL 516676 (E.D.N.Y. Feb. 25, 2008) ........ 8

REPLY MEMORANDUM OF LAW OF DEFENDANTS LINCOLN CENTER
FOR THE PERFORMING ARTS, INC. AND ELRIGE SHELTON IN FURTHER
SUPPORT OF THEIR MOTION TO DISMISS THE VERIFIED COMPLAINT
PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants Lincoln Center for the Performing Arts, Inc. ("LCPA") and Elrige Shelton, sued incorrectly as "Elwood" Shelton (collectively with LCPA, the "Lincoln Center Defendants"), respectfully submit this reply memorandum of law in further support of their motion to dismiss Plaintiff's Verified Complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELMINARY STATEMENT

As discussed below, and in the Lincoln Center Defendants' moving brief, the plaintiff's Complaint should be dismissed in its entirety because not one of Ahmed's causes of action states a claim against the Lincoln Center Defendants upon which relief can be granted. In addition, plaintiff should be denied leave to replead as there are no facts upon which plaintiff can state a claim against Lincoln Center where, as is clear from plaintiff's present allegations, plaintiff was arrested by the NYPD for ticket scalping. Whether the arrest was based in whole or in part upon information supplied by Mr. Shelton is irrelevant as such activity, even were it to have occurred, is legally insufficient to support any of the claims asserted by plaintiff against the Lincoln Center defendants.

## I.   AHMED'S SECTION 1983 CLAIM SHOULD BE DISMISSED

According to Ahmed, the Complaint adequately pleads "state action" by the Lincoln Center Defendants because it alleges "both that Shelton was 'clothed with the authority of state law (¶ 5) and that he willfully participated in joint activity' with the NYPD officers (¶ 22) when he assaulted and battered plaintiff and caused plaintiff to be falsely arrested." (Plaintiff's

Opposition Brief, at 15.) Such allegations, however, are even more vague and conclusory than ones that have been held to be inadequate to support a claim pursuant to 42 U.S.C. § 1983:

> In regard to her conspiracy claim, plaintiff alleges that the City, acting "at the behest of and in concert with" the RNC, "conspired" with the RNC to violate "the constitutional rights of New Yorkers and other persons by designing and implementing a plan to remove from the streets and exposure in the media, New Yorkers and other persons peacefully protesting or appearing to protest the policies of the Republican Party during [the Convention]." Plaintiff offers several additional conclusory allegations regarding the alleged conspiracy, to wit: "defendant RNC acted in concert with defendant City of New York, to plan the removal of peaceful demonstrators" (Id. ¶ 80); "the purpose of said removal . . . was to control negative publicity regarding public opposition to policies of the Republican Party (Id. ¶ 81); "the defendant RNC . . . conspired with defendant, the City, . . . to develop policies . . . to arrest, detain, imprison, prosecute and otherwise remove [protestors] from public view" (Id. ¶ 83); and "the systematic pattern of conduct consists of . . . THE CITY OF NEW YORK, acting . . . at the behest of representatives of the [RNC], including but not limited to David Norcross and William Harris, and under color of law" Id. ¶ 98).
>
> The above-cited allegations, by themselves, fail to state a conspiracy claim. They do not offer sufficient factual details regarding an agreement among defendants to violate the civil rights of plaintiff, or anyone else. Rather, they constitute the type of "vague, conclusory, and general" allegations that, standing alone, are routinely found lacking under the Rule 12(b)(6) standard.

Concepcion v. City of New York, No. 05 Civ. 8501, 2008 WL 2020363, *5-*6 (S.D.N.Y. May 7, 2008).

Unlike the plaintiff in Concepcion, Ahmed does not even attempt to allege that there was a plan or a "systematic pattern of conduct" between the Lincoln Center Defendants and the City of New York. Simply put, Ahmed's conclusory allegations that Shelton was "clothed with the authority of state law," Complaint ¶ 5, and "willfully participated in joint activity with the City," id. ¶ 22, fail "to plausibly assert the existence of an agreement between a state actor and a private party to inflict a constitutional injury." Id. at *7.

Moreover, as discussed in the Lincoln Center Defendants' moving brief, the allegation that Shelton falsely accused Ahmed of ticket scalping is not sufficient to convert the Lincoln

2

Center Defendants into state actors. Chodkowski v. City of New York, No. 06 CV 7120, 2007 WL 2717872, at *9 (S.D.N.Y. Sept. 11, 2007) ("However, providing false information to the police does not make a private individual . . . a state actor and liable under § 1983."); Johns v. Home Depot U.S.A., Inc., 221 F.R.D. 400, 405 (S.D.N.Y. 2004) ("Assuming, arguendo, that Williams's call caused plaintiff's detainment by the New Rochelle police officers, this conduct would similarly fall short of § 1983's state action requirement. Moreover, even assuming Williams had supplied the police with false information, plaintiff would still fail to state a claim."). (Internal citations omitted).

Finally, Ahmed does not even address the Lincoln Center Defendants' argument that the Section 1983 claim should be dismissed on the ground that the Complaint fails to identify which of his constitutional rights was allegedly violated. Because Ahmed does not identify the Constitutional or statutory right that the Lincoln Center Defendants allegedly violated, or identify the acts by which the Lincoln Center Defendants allegedly violated a Constitutional or statutory right, the Section 1983 claim should be dismissed. Miller v. Carpinello, No. 06 CV 12940, 2007 WL 4207282, at *3 (S.D.N.Y. Nov. 20, 2007) ("Because plaintiff does not identify the Constitutional or statutory right that the State Defendants allegedly violated, or state which acts by which State Defendants allegedly violated a Constitutional or statutory right, all claims under Section 1983 are dismissed.").

## II. AHMED'S FALSE ARREST CLAIM SHOULD BE DISMISSED

Under New York law, a cause of action for false arrest and false imprisonment against a civilian complainant will not lie where law enforcement authorities are "free to exercise their own judgment as to whether an arrest should be made and criminal charges filed." Mesiti v. Wegman, 307 A.D.2d 339, 340, 763 N.Y.S.2d 67, 67 (2d Dep't 2003). See also Vernes v.

Phillips, 266 N.Y. 298, 300, 194 N.E. 762, 763 (1935) ("[I]f [the defendant] merely made his statement, leaving it to the officer to act or not as he thought proper, he was not liable [for false imprisonment]. That distinction has been followed in this State."); Lowmack v. Eckerd Corp., 303 A.D.2d 998, 999, 757 N.Y.S.2d 406, 407-08 (4th Dep't 2003) ("A civilian complainant will generally not be liable for false arrest/false imprisonment merely for seeking the assistance of or furnishing information to law enforcement authorities, who are then free to exercise their own judgment concerning whether an arrest should be made and criminal charges filed."); Perez v. Charter One FSB, 298 A.D.2d 447, 447-48, 748 N.Y.S.2d 392, 393 (2d Dep't 2002) (affirming dismissal of false arrest claims where the "plaintiff failed to rebut the defendant's prima facie showing that it did not instigate the plaintiff's arrest, but merely supplied information to the police who determined that an arrest was appropriate."); Du Chateau v. Metro-North Commuter R.R. Co., 253 A.D.2d 128, 131, 688 N.Y.S.2d 12, 15 (1st Dep't 1999) ("It is well settled in this State's jurisprudence that a civilian complainant, by merely asking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution."); Davern v. Drew, 153 A.D.2d 844, 848, 138 N.Y.S.2d 1017, 1021 (1st Dep't 1912) ("It is only when the action of the police officer is instigated or procured by the private individual, and the police officer acts, not upon his own volition, but to carry out a request, so that the private individual becomes a joint actor with the officer in making the arrest, and this is the effect, I think, of all the authorities." (quoting Grinnell v. Weston, 95 A.D. 454, 88 N.Y.S. 781, 785 (1st Dep't 1904))).

    Thus where the police officer exercises his own discretion as to whether to arrest the plaintiff, the defendant will not be liable for false arrest. Here, there are no allegations in the

4

Complaint, nor can it plausibly be inferred from the myriad conclusory allegations, that Police Officers Rajinder Singh and Noel Olivo did not exercise their discretion or judgment in determining whether to arrest Ahmed. Moreover, there are no allegations of a long-standing vendetta against Ahmed, as there was in Weintraub v. Board of Educ. of New York, 423 F. Supp. 2d 38 (E.D.N.Y. 2006), thereby allowing the Court to infer bad faith. Accordingly, Ahmed's cause of action for false arrest and false imprisonment should be dismissed.

### III. AHMED'S ASSAULT AND BATTERY CLAIM SHOULD BE DISMISSED

Based as it is on rank speculation, Ahmed's opposition brief establishes that Ahmed cannot allege the essential elements of a claim for "assault and battery:"

> There are other possible scenarios under which Shelton could be deemed to have "assaulted and battered" plaintiff. For example, Shelton could have committed a classic assault and battery and punched plaintiff in the nose, or otherwise used physical force against plaintiff, not in an effort to place him under arrest, but merely to cause plaintiff physical injury.

(Plaintiff's Opposition Brief, at 13 (emphasis added).)

Because the Complaint is completely devoid of any non-conclusory allegation that Shelton placed Ahmed in fear of imminent physical contact, or made offensive contact with him, it does not raise Ahmed's "right to relief above the speculative level," and should therefore be dismissed. Dunlop v. City of New York, 2008 WL 1970002, at *4 (S.D.N.Y. May 6, 2008).

Ahmed's reliance on Cinquanti v. Tompkins Cortland Community College, No. 99-CV-1478, 2000 WL 949460 (S.D.N.Y. July 5, 2000), a case in which college student was sexually assaulted by her professor, is unavailing. There, the plaintiff alleged that the professor "subjected plaintiff to repeated and undesired phone calls and sexually assaulted her by forcing her head toward his genitals and ejaculating on her face." Id. at *10. In view of those and other allegations, the Court concluded that the plaintiff pleaded her assault and battery claims with

5

requisite specificity. Id. The same cannot be said of Ahmed, who does not allege any physical contact by Shelton.

IV. **AHMED'S NEGLIGENCE CLAIM SHOULD BE DISMISSED**

Contrary to what Ahmed claims (Plaintiff's Opposition Brief, at 14), the Lincoln Center Defendants have cited relevant case law concerning the requirements for pleading negligence under New York law. (Lincoln Center Defendants' Moving Brief, at 12 (citing Silver v. Kuehbeck, No. 05 Civ. 35, 2005 WL 2990642 (S.D.N.Y. Nov. 7, 2005), aff'd, 217 Fed. Appx. 18 (2d Cir. 2007).) As discussed in the Lincoln Center Defendants' moving brief, Ahmed fails to allege in non-conclusory terms that any purported breach of the duty of due care by the Lincoln Center Defendants proximately caused injury to him. In order to prevail on a negligence claim under New York law, a plaintiff must establish "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." Akins v. Glens Falls Sch. Dist., 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 648 (1981). The motion to dismiss the negligence claim should therefore be granted.

V. **REMOVAL DOES NOT PRECLUDE THE LINCOLN CENTER DEFENDANTS FROM SEEKING DISMISSAL OF THE CASE PURSUANT TO RULE 12(b)(6)**

According to Ahmed, the Lincoln Center Defendants cannot move to dismiss the Complaint on the ground that it lacks the "requisite specificity," because they removed this case to Federal Court. (Plaintiff's Opposition Brief, at 4-5.) Having removed the case, Ahmed contends, the Lincoln Center Defendants are limited to moving for a more definite statement pursuant to Fed. R. Civ. P. 12(e). But Aledide v. Barr, 607 F. Supp. 281 (S.D.N.Y. 1985), the sole case that Ahmed cites to support this argument, is readily distinguishable from the instant matter.

In Aledide, the pro se plaintiff sued officers of his former union in the Civil Court of New York City, Small Claims Part. The defendants removed the case to Federal Court, and sought dismissal of the complaint, inter alia, on the ground that "conclusory allegations without any factual basis cannot survive a motion to dismiss . . . ." Id. at 283 n.1. Recognizing that "the practice and pleading in the Small Claims Part is singularly informal," Id. at 283, Judge Mary Johnson Lowe denied the motion to dismiss for failure to state a claim, holding that "when a defendant removes a complaint which states the claim with sufficient specificity to be viable in the court from which it was removed, they may not later be heard to seek dismissal for want of specificity." Id. at 283 n.1.

Unlike the plaintiff in Aledide, Ahmed did not file his complaint in the New York City Civil Court, where plaintiffs are not required to satisfy the requirement of CPLR § 3013 that pleadings contain specific factual allegations setting forth the material elements of each cause of action.[1] See Holloway v. N.Y.C. Transit Auth., 182 Misc. 2d 749, 752, 699 N.Y.S.2d 264, 264 (N.Y.C. Civ. Ct. 1999) (holding that a Civil Court plaintiff seeking money damages only need not "set forth the 'material elements' of the asserted causes of action, or otherwise give 'notice of the transactions, occurrences . . . intended to be proved,' as required by C.P.L.R. § 3013.") (quoting CPLR § 3013); Gaeta v. Home Box Office, 169 Misc. 2d 500, 507, 645 N.Y.S.2d 707, 712 (N.Y.C. Civ. Ct. 1996) ("Moreover, the rules applicable to formal pleadings in Supreme Court are not applicable to the endorsement pleadings permitted in [Civil] Court. An endorsement pleading . . . need not comply with the requirement of CPLR § 3013 applicable to formal pleadings generally . . . ."). (Internal quotations and citations omitted).

---

[1] CPLR § 3013 provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense."

Rather, Ahmed initially filed the Complaint in New York State Supreme Court, where his vague and conclusory allegations of wrongdoing would not have been sufficient to save his pleading from dismissal for failure to state a cause of action. Eklund v. Pinkey, 27 A.D.3d 878, 810 N.Y.S.2d 547, 548 (3d Dep't 2006) ("[P]laintiffs were required to set forth more than vague and conclusory allegations of conversion and such charges had to be supported by factual assertions of specific wrongdoing."); Robinson v. Robinson, 303 A.D.2d 234, 235, 757 N.Y.S.2d 13, 15 (1st Dep't. 2003) ("While a complaint is to be liberally construed in favor of plaintiff on a CPLR 3211 motion to dismiss, the court is not required to accept . . . legal conclusions that are unsupportable based upon the undisputed facts.").

Thus, because the Complaint does not state the claim with sufficient specificity to be viable in the court from which it was removed, i.e., Supreme Court, Ahmed's reliance on Aledide is misplaced, and the Lincoln Center Defendants' motion to dismiss is entirely appropriate. See, e.g., World Wide Tours of Greater NY, Ltd. v. Parker Hannifin Customer Support, Inc., No. CV-07-1007, 2008 WL 516676 (E.D.N.Y. Feb. 25, 2008) (granting 12(b)(6) motion in case that had been removed from New York Supreme Court, Kings County).

## VI.   THE LINCOLN CENTER DEFENDANTS HAVE RELIED ON THE CORRECT STANDARD

Remarkably, Ahmed claims that the Lincoln Center Defendant's motion to dismiss pursuant to Rule 12(b)(6) must be decided under New York's CPLR. (Plaintiff's Opposition Brief, at 6 ("Here, defendants do not even allude to the standard under which New York courts decide CPLR 3211(a)(7) motions, much less discuss whether plaintiff's complaint passes muster under that standard.").) The Lincoln Center Defendants have not discussed whether the Complaint passes muster under CPLR 3211(a)(7), or even alluded to the standard by which dismissal motions are judged in New York State Supreme Court, for the simple reason that this

action is pending in Federal Court. It is axiomatic that this motion should be decided in accordance with the standards governing Rule 12(b)(6) motions. See Hudson Highlands Veterinary Med. Group, P.C. v. Veterinary Equip. & Tech. Supply, LLC, 390 F. Supp. 2d 393, 394 n.1 (S.D.N.Y. 2005) ("The Court notes that, while documentary evidence constitutes a ground for dismissal under New York state law pursuant to CPLR 3211(a)(1), it is not recognized as a ground for dismissal under federal law."); Fontanetta v. American Bd. of Internal Med., 303 F. Supp. 427, 428 (E.D.N.Y. 1969) (action removed from State Court, holding that "Defendant's motion is made 'pursuant to Rule 3211(a)(8) of the New York Civil Practice Law and Rules.' The motion must be based instead on Rule 12(b)(2) F.R. Civ. P., relating to dismissal for lack of jurisdiction over the person.").

To survive the Lincoln Center Defendants' Rule 12(b)(6) motion, the factual allegations in the Complaint "'must be enough to raise a right to relief above the speculative level.'" Dunlop, 2008 WL 1970002, at *4 (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). In essence, the plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp., 127 S. Ct. at 1974). In other words, a "complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007). Pleadings that contain "'only conclusory, vague, or general allegations . . . are properly dismissed.'" Concepcion, 2008 WL 2020363, at *3-*4. (quoting Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002)). By these standards, the Complaint should be dismissed in its entirety as against the Lincoln Center Defendants because Ahmed's allegations do not plausibly suggest any wrongful conduct by them.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Lincoln Center Defendant's moving brief, the Complaint should be dismissed with prejudice. Moreover, leave to replead should be denied inasmuch as amendment would be futile. Concepcion, 2008 WL 2020363, at *10 ("[P]laintiff's cross-motion to amend that claim is DENIED on the basis of futility.").

Dated: July 24, 2008
      New York, New York

MOUND COTTON WOLLAN & GREENGRASS

By: _____
Kenneth M. Labbate (KL-1074)
Sanjit Shah (SS-0148)
One Battery Park Plaza
New York, New York 10004
Phone: (212) 804-4200
Fax: (212) 344-8066
klabbate@moundcotton.com
sshah@moundcotton.com
Attorneys for Defendants
*Lincoln Center for the Performing Arts, Inc.,
and Elrige Shelton*

Of Counsel:

    Lesley Friedman Rosenthal (LR-5637)
    Vice President, General Counsel & Secretary
    Lincoln Center for the Performing Arts, Inc.
    70 Lincoln Center Plaza
    New York, NY 10023-6583
    Phone: (212) 875-5000
    Fax: (212) 875-5122
    lrosenthal@lincolncenter.org

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

    Melissa Alvarez, being duly sworn, deposes and says:

    Deponent is not a party to this action, is over the age of 18 years, and resides in Staten Island, New York.

    That on the 24th of July, 2008 deponent served the annexed **REPLY MEMORANDUM OF LAW OF DEFENDANTS LINCOLN CENTER FOR THE PERFORMING ARTS, INC. AND ELRIGE SHELTON IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE VERIFIED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDUR** upon:

Edward Sivin, Esq.
Sivin & Miller, LLP
170 Broadway
New York, NY 10038
Attorneys for Plaintiff

Mary O'Flynn, Esq.
New York City Department of Law
100 Church Street
New York, NY 10007
Attorneys for Defendants
The City of New York, Rajinder Singh
and Noel Olivo

at the address designated by said attorney(s), by depositing the same enclosed in a postpaid properly addressed wrapper and directed to the above address in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York

                                              _____
                                                   Melissa Alvarez

Sworn to before me this
24th day of July, 2008

_____
      Notary Public

KEVIN J. BRASSIL
Notary Public, State of New York
No. 31-5018311
Qualified in New York County
Certificate Filed in New York County
Commission Expires Sept. 27, 20__